**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Miles G. KAY, Defendant–Appellant.**

**No. 91–4060.**

United States Court of Appeals,
Tenth Circuit.

April 17, 1992.

David J. Richman and Joseph S. Berman, Coghill & Goodspeed, P.C., Denver, Colo., for defendant-appellant.

David J. Jordan, U.S. Atty., and Wayne T. Dance, Asst. U.S. Atty., for plaintiff-appellee.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Defendant-appellant Miles Kay appeals from a sentence of five years' detention, five years' supervised release, and a $1,500 fine. The district court imposed this sentence after Kay pled guilty to a conspiracy to manufacture 100 grams or more of methamphetamine in violation of 21 U.S.C. § 846. On appeal, Kay contends that the district court erred by failing to sentence him under state rather than federal law, by denying him an evidentiary hearing on a disputed fact issue at sentencing, and by failing to make specific findings regarding the accuracy of information in the presentence report. He also argues that he was denied effective assistance of counsel because his counsel failed to properly object to information connecting Kay to certain firearms. We affirm.[1]

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

## BACKGROUND

In March of 1990, Miles Kay, along with his wife Deidre Kay and their three-year-old son, began residing with George Gines and Mary Tarlip at 4444 South Honeywood Lane in Salt Lake City, Utah. Following a lengthy investigation and surveillance by state and local police, a warrant was issued to the Salt Lake County sheriff to search the Honeywood residence. On July 6, 1990, police executed the search warrant and confiscated 1,345 grams of powder methamphetamine, 4,623 grams of liquid containing methamphetamine, equipment and paraphernalia related to the manufacture of methamphetamine, three handguns, and one assault rifle. All those present at the time of the search—Gines, Tarlip, Deidre Kay, and Frank Fior—were arrested. Defendant was not present at the time of the search.

On October 3, 1990, a federal grand jury returned a multiple count superseding indictment against defendant. Kay was arrested on October 10, 1990 as a result of the indictment. On January 7, 1991, Kay pled guilty to Count I of the superseding indictment, which charged him with involvement in a conspiracy to manufacture 100 grams or more of methamphetamine. The remaining counts were dismissed with prejudice. Prior to sentencing, Kay filed a motion with the district court requesting that he be sentenced pursuant to the Utah Criminal Code rather than the United States Sentencing Guidelines (U.S.S.G.). The district court denied the motion.

On March 29, 1991, the district court sentenced Kay. In arriving at the sentence, the district court determined that a base offense level of 34 was appropriate under U.S.S.G. § 2D1.1(a). The district court then found that a two-point upward adjustment was appropriate under § 2D1.1(b)(1) for possession of a firearm and that a two-point downward adjustment was appropriate under § 3E1.1(a) for acceptance of responsibility. Thus, the dis-

trict court calculated that the resulting offense level was 34. In response to the government's motion for sentence departure based on Kay's substantial assistance in the prosecution of another person who has committed an offense, U.S.S.G. § 5K1.1, the court sentenced Kay to five years' detention with five years' supervised release.

## DISCUSSION

■ Kay first contends that the district court sentence pursuant to federal rather than state law violated his rights guaranteed by the Due Process Clauses of the Fifth and Fourteenth Amendments. Kay bases his contention on the fact that his arrest, the search of his home, and the subsequent investigation were carried out by local law enforcement officials and that only later was his case referred to federal authorities. In *United States v. Andersen,* 940 F.2d 593 (10th Cir.1991), we made it clear that—regardless of what authorities perform the arrest, search or investigation—"[t]he ultimate decision whether to charge a defendant, and what charges to file, ... rests solely with state and federal prosecutors." *Id.* at 597. Based on our holding in *Andersen,* we hold that Kay's due process claim is meritless.[2]

■ On appeal, Kay raises another argument in an attempt to distinguish this case from the facts in *Andersen.* He contends that this is not a case involving the exercise of prosecutorial discretion because local law enforcement officers, and not the local prosecutor, referred the case to federal officials. In *Andersen,* the defendant similarly argued that an intergovernmental team of officers had undue influence on charging decisions. There, we held that "[a]bsent convincing evidence to the contrary, we will not assume that prosecutors are acting as 'rubber stamps' for charging decisions made by the [law enforcement officers]." *Id.* Kay's contention that local

2. Defendant also argues that *United States v. Williams,* 746 F.Supp. 1076, 1078 (D.Utah 1990), should have governed the district court's decision and that the court erred in holding that the "prospective only" holding of *Williams* made it

inapplicable to this case. Because our holding in *Andersen* is dispositive of Kay's due process argument, we express no opinion regarding the applicability of *Williams* to this case.

law enforcement officials essentially made the decision to charge Kay under federal law is conclusory and certainly is not supported by "convincing evidence" as required by *Andersen.*

Kay also contends that the district court failed to provide him with an adequate opportunity to present information disputing the two-point enhancement under U.S.S.G. § 2D1.1(b)(1). Kay argues that the court failed to comply with Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure, which provides that

> [t]he court shall afford the defendant and the defendant's counsel an opportunity to comment on the [presentence] report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.

After reviewing the sentencing hearing transcript, we conclude that the court afforded defendant ample opportunity to object to the enhancement for possession of firearms. Defendant's contention on appeal that "the court did not provide them opportunity to object to the sentence enhancement in open court" is disingenuous. At the sentencing, the district court inquired whether defense counsel had any objections to the sentencing report other than those contained in a motion filed prior to sentencing, which did not object to the enhancement for firearms possession. Defense counsel responded that he had reviewed the report with defendant and that there were no additional objections. Therefore, we conclude that Kay's contention is without merit.

■ Kay further contends that the district court erred by failing to make specific findings as to the accuracy of information in the presentence report related to the firearm enhancement under U.S.S.G. § 2D1.1(b)(1). Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure provides that

> [i]f the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report ..., the

court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report....

The plain language of the rule contemplates that the defendant or the defendant's counsel "allege any factual inaccuracy in the presentence investigation report" before the district court is required to make a particular finding as to the factual inaccuracy. Kay's failure to object to any factual inaccuracies in the presentence report "before the district court constitutes a waiver of the issue on appeal." *United States v. Saucedo,* 950 F.2d 1508, 1518 (10th Cir.1991).

■ Finally, Kay contends that if his right to object to the firearm enhancement was not preserved for appeal, then he was denied his right to effective assistance of counsel. In *Beaulieu v. United States,* 930 F.2d 805 (10th Cir.1991)—a case in which a petitioner sought post-conviction relief under 28 U.S.C. § 2255—we recognized that "ineffectiveness claims frequently require consideration of evidence not contained in the record on direct appeal." *Id.* at 807. Although we stated that "[t]here are 'rare cases where the record is sufficiently complete'" to facilitate effective review of ineffectiveness claims on direct appeal, *id.* at 807 (quoting *United States v. Ugalde,* 861 F.2d 802, 804 (5th Cir.1988), *cert. denied,* 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989)), we also recognized that "most circuits follow the general rule that 'a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court.'" *Id.* (quoting *United States v. Lewis,* 902 F.2d 1176, 1180 (5th Cir.1990) and citing *United States v. Castro,* 908 F.2d 85, 89 (6th Cir. 1990); *United States v. Khoury,* 901 F.2d 948, 969 (11th Cir.), *modified,* 910 F.2d 713 (11th Cir.1990); *United States v. Davis,* 882 F.2d 1334, 1345 n. 14 (8th Cir.1989), *cert. denied,* 494 U.S. 1027, 110 S.Ct. 1472,

**1508**

108 L.Ed.2d 610 (1990); *United States v. Hoyos–Medina,* 878 F.2d 21, 22 (1st Cir. 1989); *United States v. Schreiber,* 599 F.2d 534, 538 (3d Cir.), *cert. denied,* 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979)). Based on our reasoning in *Beaulieu,* we adopt the general rule followed in most other circuits that ineffective assistance of counsel claims cannot be resolved on direct appeal when the claim has not been raised in the district court.

Kay's ineffective assistance claim may in fact have merit; however, because the claim was not raised before the district court, we simply have no factual basis in the record upon which to determine whether and on what grounds defense counsel should have contested the firearm enhancement. "The preferred avenue for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack under 28 U.S.C. § 2255." *Beaulieu,* 930 F.2d at 806. Therefore, we decline to address Kay's ineffective assistance claim on this direct appeal. However, we do so without prejudice to Kay's right to raise the issue in proceedings properly brought under 28 U.S.C. § 2255.

AFFIRMED.