**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Mark NUNNALLY; Cleveland Reese,**
Defendants–Appellants.

Nos. 99–5167, 99–5384.

United States Court of Appeals,
Sixth Circuit.

Feb. 28, 2001.

Before BATCHELDER and COLE, Circuit Judges; GRAHAM, District Judge.*

## OPINION

GRAHAM, District Judge.

Defendant–Appellant Mark Nunnally (Case No. 99–5167) was named along with sixteen other defendants in a superseding indictment filed on February 27, 1998 in the Western District of Tennessee. Count 1 of the indictment alleged a conspiracy, spanning from early 1993 to November, 1997, to distribute and possess with the intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846.

Nunnally was charged with the drug conspiracy in Count 1 of the indictment. He pleaded guilty to that offense on October 2, 1998 pursuant to a plea agreement. At a sentencing hearing held on January 22, 1999, Nunnally raised several objections to the presentence investigation re-

port. Only one of those is the subject of the instant appeal, that being the trial court's denial of his objection that he should have received an offense level reduction for mitigating role pursuant to U.S.S.G. § 3B1.2(a) or (b) as a minimal or minor participant. The government opposed such a reduction. Nunnally filed a notice of appeal on January 25, 1999.

Cleveland Reese (Case No. 99–5384) was named as a defendant in the superseding indictment filed on February 27, 1998, and was also named as a defendant in Count 1 of a second superseding indictment filed in the case on September 3, 1998. Count 1 of the second superseding indictment alleged a conspiracy, existing from early 1993 to November, 1997, to distribute and possess with the intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846. On September 16, 1998, pursuant to a plea agreement, Reese entered a guilty plea to Count 1 of the second superseding indictment. At a sentencing hearing held on January 29, 1999, Reese asserted various objections to the presentence investigation report. The only objection before this court on appeal is the trial court's denial of Reese's objection that he should have received a two-level reduction as a minor participant pursuant to U.S.S.G. § 3B1.2(b). The government opposed the request for a reduction. Reese filed a notice of appeal on February 5, 1999.

Section 3B1.2 of the Sentencing Guidelines provides for a reduction in the base offense level of a defendant who played a mitigating role in the offense:

Based on the defendant's role in the offense, decrease the offense level as follows:

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2. "This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." *Id.*, background comment.

The reduction for being a minimal participant in § 3B1.2(a) "is intended to cover only those 'defendants who are plainly among the least culpable' participants in the group conduct, such as those who exhibit a 'lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others.'" *United States v. Roberts*, 223 F.3d 377, 379 (6th Cir.2000)(quoting § 3B1.2, comment. (n.1)). "This adjustment is primarily for someone who played a single, limited role in a very large organization, such as 'someone who played no other role in a very large drug smuggling operation than to offload part of a single marijuana shipment.'" *United States v. Mahan*, 190 F.3d 416, 426 (6th Cir.1999)(quoting U.S.S.G. § 3B1.2, comment. (n.2)). "It is intended that the downward adjustment for a minimal participant will be used infrequently." U.S.S.G. § 3B1.2, comment. (n.2).

For purposes of applying a minor role adjustment under § 3B1.2(b), "a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." *Roberts*, 223 F.3d at 379; U.S.S.G. § 3B1.2(b), comment. (n.3).

■ A defendant who plays a lesser role in a criminal scheme may nonetheless fail to qualify as a minor participant if his role was indispensable or critical to the success of the scheme, or if his importance in the overall scheme was such as to justify his sentence. *United States v. Latouf*, 132 F.3d 320, 332 (6th Cir.1997)("A defendant whose participation is indispensable to the carrying out of the plan is not entitled to a role reduction."); *United States v. Burroughs*, 5 F.3d 192, 194–95 (6th Cir.1993)(reduction properly denied where defendant played key role).

■ In determining whether to award the defendant a reduction for a mitigating role in the offense, the district court must consider the portion of the relevant conduct of the conspiracy that was attributable to the defendant for purposes of determining his base offense level. *Roberts*, 223 F.3d at 380–81 (in sentencing drug conspiracy defendant, district court properly looked only to the relevant conduct attributed to defendant for purposes of determining his base offense level in determining whether to apply mitigating role adjustment). *See also United States v. Roper*, 135 F.3d 430, 434 (6th Cir. 1998)("The salient issue is the role the defendant played in relation to the activity for which the court held him or her accountable."); *United States v. Welch*, 97 F.3d 142, 152 (6th Cir.1996)(reduction inappropriate where full amount of drugs in conspiracy was not attributed to defendant); *United States v. Walton*, 908 F.2d 1289, 1303 (6th Cir.1990)(noting that while defendants were minor participants in relation to the scope of the conspiracy as a whole, they were not entitled to a role reduction since they were only held accountable for the quantities of cocaine they were actively involved in distributing).

The defendant, as the proponent of the downward adjustment, bears the burden of

proving a mitigating role in the offense by a preponderance of the evidence. *United States v. Owusu*, 199 F.3d 329, 337 (6th Cir.2000). We review a district court's denial of a mitigating role adjustment to a defendant's offense level for clear error. *Id.* [1]

*1. Nunnally*

■ Nunnally's involvement in the conspiracy was described in the presentence investigation report.[2] The record indicates that Nunnally was a participant in a drug conspiracy headed by Darren Reese. In June of 1997, Darren Reese and Nunnally negotiated with a confidential informant via numerous telephone calls for the sale to the informant of one kilogram of cocaine for $30,000 cash. On June 27, 1997, Darren Reese, Nunnally and the informant met at a Memphis market, where Reese told Nunnally to take care of the drug transaction. The informant indicated that the money was at his store and left. Fifteen minutes later, Nunnally met with the informant at the informant's store, and the informant gave him cash. Nunnally counted the money and discovered that the informant had given him only $23,000. Nunnally made a phone call, then told the informant that he had been instructed by Reese to stop the transaction and return to the market.

On July 1, 1997, the informant met Nunnally at the market, indicating that he now had all of the cash needed to purchase the kilogram of cocaine. Nunnally informed him that as he was leaving the informant's store on June 27, 1997, he had observed suspected law enforcement officers in the area. Nunnally agreed to meet the informant later that evening to complete the sale, but Nunnally never appeared for the meeting. The officers conducting the investigation later learned that Reese and Nunnally had become suspicious of the informant and had decided not to complete the transaction.

According to the presentence report, Nunnally's involvement in the conspiracy spanned from April 1, 1997 to July 30, 1997, during which time Nunnally was responsible for delivering cocaine and money for Darren Reese. Although in excess of one thousand kilograms of cocaine were distributed during the course of the conspiracy, Nunnally's relevant conduct for the purpose of calculating his base offense level was limited to the one kilogram involved in the aborted sale.

In denying Nunnally the mitigating role adjustment, the trial judge found:

It is true that in this case Mr. Nunnally was involved for a short period of time, and his involvement was limited in terms of time because he was in custody, but his involvement did extend for a period

1. In *Owusu,* this court proposed that the two-part standard of review used in the context of aggravating role adjustments, under which a district court's factual findings are reviewed for clear error while its legal conclusions are reviewed de novo, would be equally appropriate in the context of mitigating role adjustments. *See id.* at 337 n. 2. Since the result we reach in the instant cases would be the same under either standard, we need not resolve this issue here.

2. Nunnally raised no objections to the factual statements contained in the presentence re-

port which are relevant to the mitigating role issue. He has thus waived any objection to the accuracy of those statements. *See United States v. Cullens,* 67 F.3d 123, 124 (6th Cir.1995)(defendant required to raise guideline sentencing issues initially before sentencing judge). *See also United States v. Kay,* 961 F.2d 1505, 1507 (10th Cir.1992)(failure to object to factual inaccuracies in presentence report results in waiver of issue on appeal); *United States v. Blackman,* 904 F.2d 1250, 1259 (8th Cir.1990)(same).

of about two months. It involved his being in a position of familiarity and trust with Darren Reese, who was the leader of the conspiracy. It involved a significant amount of cocaine. It involved two personal contacts with the confidential informant. As Mr. Parker points out, it involved a level of responsibility in that Mr. Nunnally was the individual who was to call and take care of the situation when there were insufficient funds to purchase the one kilogram.

Under those circumstances, Mr. Nunnally cannot be considered a minimal participant. The application notes indicate that the minimal participant downward adjustment will be used infrequently, and this is simply not that unusual case in which the downward adjustment is appropriate.

The trial court further found that Nunnally was not a minor participant:

I think he's a full-blown participant. I understand he participated for a short period of time. I don't think he's a minor participant either. He just wasn't involved for as long as some of the other folks. It is not that the nature of his involvement was less.

The trial court's denial of the mitigating role adjustment is supported by the evidence, and no clear error has been shown. Since Nunnally was only held responsible for the one kilogram of cocaine involved in the attempted sale, it is this transaction which is relevant for purposes of applying the adjustment. Nunnally was involved in the negotiations with the informant and met with the informant on more than one occasion. His relationship to Darren Reese was such that Reese trusted him to handle the transaction and obtain a significant amount of cash from the informant.

Nunnally was not less culpable in the one kilogram sale than was Darren Reese, the other participant in that transaction, and Nunnally's role of collecting the money would have been essential to the successful completion of the transaction. Thus, Nunnally is not a minor participant. Likewise, the record fails to show that Nunnally played only a single role in the transaction, or that he lacked knowledge or understanding of the scope of the transaction, so as to qualify him as a minimal participant. Nunnally has not shown by a preponderance of the evidence that he was entitled to a mitigating role adjustment.

## 2. *Reese*

Cleveland Reese was also a participant in the conspiracy headed by Darren Reese, his nephew. The presentence investigation report[3] states that Cleveland Reese was a frequent if not daily player in the conspiracy, and that he delivered and picked up cocaine and money. Reese was a long time drug user who "did whatever Darren Reese asked him to." He received small amounts of money and drugs for his participation. Reese also acted as a tester to determine the purity of the drugs which were to be distributed. Counsel for the government stated at the sentencing hearing that Darren Reese regularly used Cleveland Reese in the conspiracy, that Cleveland Reese occasionally participated in unloading the cars which transported cocaine from Florida in shipments of twenty-five kilograms, and that he was used to distribute the shipments around town or occasionally to pick up money. Reese did not contest this statement at the sentencing hearing.

In rejecting the application of the adjustment for being a minor participant, the trial judge concluded:

---

**3.** Reese likewise raised no objections to the factual statements contained in the presentence investigation report which are relevant to the issues before this court.

Mr. Reese cannot be considered a minor participant. His involvement in the conspiracy was regular, repeated, involved the assumption of significant responsibility, unloading and delivering large quantities of cocaine, being the tester, which I would say was a significant role, all of those things are inconsistent with the finding that he was a minor participant.

Reese has not shown that he was less culpable than the other participants in the conspiracy. The record shows that he participated in the conspiracy on a regular basis, and that he was aware of the scope of the conspiracy, as evidenced by his help in unloading the twenty-five kilogram shipments. He performed the important function of testing the quality of the cocaine to be distributed. Further, whether the minor participant adjustment was appropriate must be measured in terms of the relevant conduct for which Reese was held accountable. Although the quantity of cocaine involved in the conspiracy exceeded one thousand kilograms, Cleveland Reese's relevant conduct was limited to the 150 kilogram level. Reese has not shown that he was less culpable than other participants in the conspiracy who also participated in the kind and level of activities in which Reese was involved. The trial court's denial of the adjustment for being a minor participant is supported by the evidence and was not clear error.

### 3. Conclusion

For the foregoing reasons, the judgments of the trial court in the cases of Mark Nunnally and Cleveland Reese are hereby AFFIRMED.