FILED
United States Court of Appeals
Tenth Circuit

January 2, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> KIRK ALAN SWEARINGEN, <br><br> Defendant-Appellant. | No. 12-4125 <br> (D.Ct. No. 2:06-CR-00651-DAK-1) <br> (D. Utah) |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Kirk Alan Swearingen, a *pro se* federal prisoner, appeals the

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

district court's order denying his two motions challenging the factual information in his presentence report pursuant to Federal Rules of Criminal Procedure 32 and 36. We deny Mr. Swearingen leave to proceed *in forma pauperis* and dismiss his appeal as frivolous.[1]

## I. Factual and Procedural Background

On February 26, 2007, Mr. Swearingen pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Thereafter, a probation officer prepared a presentence report which, in paragraph 42 of the "Other Criminal Conduct" section, stated, "[a]ccording to a memorandum and documents dated November 18, 1993, from a homicide detective at the Aurora Police Department in Aurora, Colorado, [Mr. Swearingen] was suspected of involvement in homicides and sexual assaults along the Canadian border." In addition, paragraph 44, under "Pending Charges," stated Mr. Swearingen had been charged with "Rape of a Victim Less Than 10 Years, First-Degree Felony; Sexual Contact With a Child Under 16 Years, Third-Degree Felony," involving a seven-year-old boy.

---

[1] Regarding Mr. Swearingen's motion for leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e) provides that "notwithstanding any filing fee, or any portion thereof, that may have been paid," this court "shall dismiss" a case any time it determines the "appeal ... is frivolous or malicious ...." The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006).

At sentencing, Mr. Swearingen's counsel stated that although Mr. Swearingen "disagree[d] with certain language contained in the presentence report," he raised no objection because the disagreements did "not affect his criminal history or the range that he [was] looking at in the sentence." On June 25, 2007, the district court sentenced Mr. Swearingen to the minimum statutory sentence of 120 months in prison and a life term of supervised release. Mr. Swearingen did not file a direct appeal.

Months later, Mr. Swearingen sought to contest and change information in his presentence report, and on February 25, 2011, through counsel, he filed a motion to amend the presentence report pursuant to Federal Rule of Criminal Procedure 32, including, but not limited to, changes to paragraphs 42 and 44. With respect to paragraph 42, his counsel claimed no memorandum or documents supported the allegations he was suspected of involvement in homicides and sexual assaults on the Canadian border and that such allegations were "extremely damaging and prejudicial" and created "difficulty in Mr. Swearingen's classification and ability to participate in various [Bureau of Prisons] programs."

Concerning paragraph 44, Mr. Swearingen's counsel provided documentation showing he was not charged with "Rape of a Victim Less than 10 Years," as indicated in the presentence report, but rather solely charged with

"Sexual Contact with Child Under Sixteen." In requesting the charged offense be changed to the latter, Mr. Swearingen asserted the offense of rape of one less than ten years old "significantly prejudice[d]" him and subjected him to "ridicule and harassment while in custody."

The government filed a response, joined by Mr. Swearingen, in which they agreed certain corrections should be made to various paragraphs in the presentence report, including their agreement on stipulated language to amend paragraph 42 regarding his alleged involvement in homicides and sexual assaults on the Canadian border.[2] However, the parties did not address Mr. Swearingen's objection to paragraph 44 to limit the charge solely to sexual contact with a child under sixteen. On April 6, 2011, the district court adopted the parties' stipulated changes to various provisions of the presentence report, including the stipulated

---

[2] The stipulated language for the proposed amendment read:

A memorandum, written by Detective Brant of the Aurora, Colorado, Police Department, on November 18, 1993 stated the following:

"I talked with Detective Garbett who told me that approximately 6 months ago the FBI came in and talked to him about Kirk. It appears that the FBI in the Northwest has been working with the [Royal Canadian Mounted Police] from Canada thinking that [Mr.] Swearingen may be involved in some serial murders and sexual assaults along the Canadian border in the Northwest."

language substituted for paragraph 42, and ordered the presentence report amended to reflect such changes. Pursuant to the district court's order, the probation officer issued a "Second Addendum," attached to the presentence report, which reflects the ordered amendment substituting the parties' stipulated language for paragraph 42.

Thereafter, Mr. Swearingen filed a *pro se* motion objecting to the district court's order amending the presentence report and stating, "[t]here are currently items contained in [it] that are false and unverifiable" as well as "items never corrected." The district court responded by issuing two orders. The first order denied Mr. Swearingen's general objections to the presentence report, stating his objections were too "general and vague" to provide a basis to question the accuracy of the parties' stipulated changes to the report. The other order directed the probation officer to amend the presentence report by changing paragraph 44, as requested, to show Mr. Swearingen was charged solely with "Sexual Contact with Child Under 16." Accordingly, the probation officer issued a "Third Addendum" to the presentence report, reflecting the ordered change to paragraph 44.

On May 30, 2012, Mr. Swearingen filed two motions, including a *pro se* motion to amend the presentence report challenging the factual accuracy of

paragraph 42 and a motion for an order to show cause asserting the presentence report did not contain the correction to paragraph 44 as ordered. On the same day, the district court denied Mr. Swearingen's motions. With regard to Mr. Swearingen's general objections to the presentence report, the district court pointed out both his counsel and the government reviewed the presentence report, evidence in the case, and transcripts of prior proceedings which culminated in his stipulated changes made to the presentence report and that all appropriate changes had been made. As to Mr. Swearingen's allegation the probation officer ignored its previous order to amend paragraph 44, it explained the ordered change had been made, as reflected in the third addendum to the presentence report.

## II. Discussion

Mr. Swearingen now appeals the district court's May 30, 2012 order denying his May 30, 2012 motions concerning alleged factual inaccuracies and omissions in the presentence report. In apparent reference to paragraph 42, Mr. Swearingen contends the presentence report contains "innacurate [sic] and false information" based on hearsay concerning his involvement in murder and sexual assault, which he states he previously asked the court to correct. Similarly, in an apparent reference to paragraph 44, Mr. Swearingen reasserts his claim the probation officer ignored the court's order to change the presentence report with regard to the charge against him for sexual contact with a child under sixteen. In

-6-

a few abbreviated sentences, he also generally alleges he has been harmed or prejudiced by false and/or incorrect information in his presentence report and requests any unverifiable information be removed but does not identify what facts are inaccurate nor does he provide legal argument in support thereof.

Under Federal Rule of Criminal Procedure 32, a defendant has an obligation to allege factual inaccuracies in the presentence report, and the district court may accept any undisputed portion of the presentence report as a finding of fact. *See* Fed. R. Crim. P. 32(f) and (i)(3)(A). Because "accuracy is paramount in the sentencing process" parties have an obligation to object to the inaccuracies in the presentence report as part of the "focused, adversarial development of the factual and legal issues" relevant in determining the appropriate sentence. *United States v. Virgen-Chavarin*, 350 F.3d 1122, 1132 (10th Cir. 2003) (internal quotation marks omitted). Pursuant to Federal Rule of Criminal Procedure 32(f), Mr. Swearingen had fourteen days after receiving the presentence report to challenge any facts contained therein, but he did not object to any facts until months after issuance of the presentence report and imposition of his sentence. We have long held "[f]ailure to object to a fact in a presentence report, or failure to object at the [sentencing] hearing, acts as an admission of fact," *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994), and waiver of the issue, *see United States v. Kay*, 961 F.2d 1505, 1507 (10th Cir. 1992).

As a result, Mr. Swearingen did not properly preserve for appeal his general objections to the factual information contained in the presentence report. *See Deninno*, 29 F.3d at 580. Moreover, even if we were to consider his cursory argument his presentence report contains unverifiable facts or information, such a perfunctory argument, unaccompanied by identification of the contested facts and some effort at developed argument, is inadequate to warrant our consideration, *see United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002), even though we construe Mr. Swearingen's *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972).

While Mr. Swearingen waived his right to object to the facts contained in the presentence report, Federal Rule of Criminal Procedure 36 enables a court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. However, this provision allows correction of only non-substantive errors and does not empower a court to substantively modify a sentence. *See United States v. Lonjose*, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011) (relying on *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996)). Accordingly, the district court in this case was empowered to make non-substantive corrections, which it did by ordering the agreed-to corrections to the presentence report, including inclusion of the parties' stipulated language for

paragraph 42 and the requested correction to the offense charged in paragraph 44.

Despite these corrections, Mr. Swearingen on appeal continues to challenge the previously-stipulated language used to correct and amend paragraph 42. Under the circumstances presented, we decline to relieve him from his stipulation, *see Stafford v. Crane*, 382 F.3d 1175, 1180 (10th Cir. 2004), and also note his challenge to the stipulated language in paragraph 42 is akin to the "invited error doctrine," which precludes one from arguing the district court erred in adopting a proposition he previously urged it to adopt. *See United States v. Quaintance*, 608 F.3d 717, 721 n.2 (10th Cir. 2010); *United States v. Deberry*, 430 F.3d 1294, 1302 (10th Cir. 2005). Because he is challenging the very language to which he agreed, Mr. Swearingen's appeal of the corrected language in paragraph 44 is soundly frivolous. *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (holding an appeal is frivolous if the result is obvious or the arguments of error are wholly without merit).

Similarly, Mr. Swearingen's assertion the probation officer ignored the district court's order to omit the sexual contact charge in paragraph 44 is woefully frivolous given the requested change was made, as clearly explained by the district court and evidenced in the third addendum to the presentence report. To the extent Mr. Swearingen is somehow arguing he continues to experience

prejudice because the requested corrections are recorded in the two addenda, rather than in the presentence report itself, we note each addendum is incorporated into and made a part of the presentence report for review by those with access to his sealed records.

We advise Mr. Swearingen, pursuant to Federal Rule of Appellate Procedure 38, that this court may "award just damages, including attorney's fees," when we determine an appeal is frivolous, *Braley*, 832 F.2d at 1510, and such sanctions may be imposed against a *pro se* litigant*, see Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003). We caution him any future frivolous appeals may result in summary disposition without discussion and/or an order requiring him to show cause why this court should not impose both appellate filing restrictions and sanctions.[3]

---

[3] "The right of access to the court is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter* (*In re Winslow*), 17 F.3d 314, 315 (10th Cir. 1994) (internal quotation marks omitted). We possess inherent authority "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). We have long held that where a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate, but only after notice and an opportunity to respond are given. *See Werner v. Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994); *In re Winslow*, 17 F.3d at 315. We may impose filing restrictions based on our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986).

### III.  Conclusion

For these reasons, we **DENY** Mr. Swearingen leave to proceed *in forma pauperis* and **DISMISS** his appeal as frivolous.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge