having a Chapter Two offense level of 14 under § 2D1.1) is convicted of simple possession of cocaine (an offense having a Chapter Two offense level of 6 under § 2D2.1), no reduction for a mitigating role is warranted because the defendant is not substantially less culpable than a defendant whose only conduct involved the simple possession of cocaine.

U.S.S.G. § 3B1.2 commentary, applic. note 4. Although this note applies by its terms only to a defendant who has been convicted of a lesser offense, it stands for the principle that when a defendant's base offense level does not reflect the conduct of the larger conspiracy, he should not receive a mitigating role adjustment simply because he was a minor participant in that broader criminal scheme. *See Rodriguez De Varon*, 175 F.3d at 941.

In analyzing Roberts's request for a downward adjustment pursuant to § 3B1.2, the district court properly looked only to the relevant conduct attributed to Roberts for purposes of determining his base offense level. Roberts has not demonstrated that he was a minor participant in comparison to other participants in that relevant conduct. As we have explained, Roberts personally sold to Special Agent Russell the 75.9 grams of crack attributed to him for sentencing purposes. Although codefendant Johnson was also charged in two of these sales, Russell testified that Johnson served only as an intermediary between the confidential informant and Roberts. J.A. at 37-38 (Russell Test.). The district court did not err in concluding that Roberts was not a minor participant in these acts of distribution and that an adjustment for mitigating role was not warranted.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0251P (6th Cir.)
File Name: 00a0251p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                    No. 98-4091

JAMES ROBERTS, JR.,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 97-00130—James L. Graham, District Judge.

Submitted: June 15, 2000

Decided and Filed: July 28, 2000

Before: JONES, MOORE, and GILMAN, Circuit Judges.

—————————

### COUNSEL

**ON BRIEF:** Joseph D. Reed, Columbus, Ohio, for Appellant. Daniel Allen Brown, UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge. The sole issue presented by this appeal is whether the district court properly denied defendant-appellant James Roberts, Jr.'s request for a downward adjustment to his base offense level for a mitigating role in the offense pursuant to § 3B1.2 of the Sentencing Guidelines. Because Roberts's base offense level was predicated only upon acts of distribution in which he personally played a substantial role, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

On October 14, 1997, a federal grand jury returned a twenty-four-count indictment charging James Roberts, Jr. and three other individuals with various criminal narcotics offenses. The investigation leading to the indictment, which was conducted by agents with the Bureau of Alcohol, Tobacco, and Firearms ("ATF") and detectives with the Columbus Police Department Narcotics Unit, identified Roberts, Shawn Q. Johnson, Richard Smith, and Randall Franklin as being street-level suppliers and distributors of crack cocaine. The investigation revealed that the four codefendants either individually or by assisting one another distributed varying amounts of crack cocaine and, on occasion, cocaine powder during the period of May 1996 to June 1997. Roberts began his involvement in the conspiracy in October of 1996; he voluntarily withdrew in December of 1996, despite threats of harm for doing so.

Pursuant to a written agreement executed on January 16, 1998, Roberts pleaded guilty to the first count of the indictment, which charged him with conspiracy to distribute and to possess with intent to distribute over five grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(iii). In return, the government

This Part provides adjustments to the offense level based upon the role the defendant played in committing the offense. The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct), *i.e.*, all conduct included under § 1B1.3(a)(1)-(4), and not solely on the basis of elements and acts cited in the count of conviction.

U.S.S.G. Ch.3, Pt. B, introductory commentary. The best reading of this commentary is that a district court should assess a defendant's role in the offense in relation to the relevant conduct that was attributed to the defendant for purposes of calculating his base offense level; "[o]therwise, a defendant could argue that [his] relevant conduct was narrow for the purpose of calculating base offense level, but was broad for determining [his] role in the offense." *Rodriguez De Varon*, 175 F.3d at 941. As the D.C. Circuit has observed, taking the larger conspiracy into account only for purposes of determining whether a defendant played a mitigating role "would produce the absurd result that a defendant involved both as a minor participant in a larger distribution scheme for which [he] was not convicted, and as a major participant in a smaller scheme for which [he] was convicted, would receive a shorter sentence than a defendant involved solely in the smaller scheme." *Olibrices*, 979 F.2d at 1560.

Furthermore, the soundness of our conclusion is reinforced by the application notes to § 3B1.2. Application note 4 states:

If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense. For example, if a defendant whose actual conduct involved a minimal role in the distribution of 25 grams of cocaine (an offense

defendant played in relation to the activity for which the court held him or her accountable."), *cert. denied*, 524 U.S. 920 (1998); *United States v. Walton*, 908 F.2d 1289, 1303 (6th Cir.) (explaining that although the defendants were "minor participants if one compares their activities to the scope of the conspiracy as a whole," they were not entitled to a minor role reduction because they were "held responsible [only] for cocaine that they were actively involved in distributing"), *cert. denied*, 498 U.S. 906, 498 U.S. 989, *and* 498 U.S. 990 (1990); *see also United States v. Taylor*, No. 98-3514, 1999 WL 1073663, *2 (6th Cir. Nov. 19, 1999) (unpublished opinion); *United States v. Smith*, No. 94-3282, 1995 WL 63160, *2 (6th Cir. Feb. 14, 1995) (unpublished opinion). A majority of circuit courts that have considered the issue agree with our position. *See United States v. Rodriguez De Varon*, 175 F.3d 930, 943-44 (11th Cir.) (en banc), *cert. denied*, --- U.S. ---, 120 S. Ct. 424 (1999) ("[I]n determining a defendant's role in the offense, a district court must measure the defendant's role against the relevant conduct attributed to her in calculating her base offense level. . . . Only if the defendant can establish that she played a relatively minor role in the conduct for which she has already been held accountable — not a minor role in any larger criminal conspiracy — should the district court grant a downward adjustment for minor role in the offense."); *United States v. James*, 157 F.3d 1218, 1220 (10th Cir. 1998); *United States v. Atanda*, 60 F.3d 196, 199 (5th Cir. 1995); *United States v. Lampkins*, 47 F.3d 175, 180-81 (7th Cir.), *cert. denied*, 514 U.S. 1055, 514 U.S. 1089 (1995); *United States v. Gomez*, 31 F.3d 28, 31 (2d Cir. 1994); *United States v. Lucht*, 18 F.3d 541, 555-56 (8th Cir.), *cert. denied*, 513 U.S. 949 (1994); *United States v. Olibrices*, 979 F.2d 1557, 1561 (D.C. Cir. 1992). *But see United States v. Ruelas*, 106 F.3d 1416, 1419 (9th Cir.) (offering contrasting view), *cert. denied*, 520 U.S. 1282 (1997).

Our position is also fully supported by the commentary to the Sentencing Guidelines. The introductory commentary to Chapter 3, Part B of the Sentencing Guidelines, in which § 3B1.2 is found, explains:

agreed to dismiss the other eight counts in which Roberts was charged.

The Pre-Sentence Investigation Report ("PSR") indicated that, because it was unclear whether transactions conducted individually by the four codefendants were reasonably foreseeable to the others, each defendant should be held responsible only for the specific drug transactions in which he was involved. Therefore, the PSR attributed 75.9 grams of crack cocaine to Roberts, which was the amount that he personally distributed. This resulted in a base offense level of 32, which was reduced by three levels pursuant to §§ 3E1.1(a) and (b) for Roberts's acceptance of responsibility. Roberts filed an objection to the PSR in which he argued that he should receive a two- or three-point adjustment to his base offense level pursuant to § 3B1.2 because of his mitigating role in the offense.

The district court held a sentencing hearing on August 19, 1998. At the hearing, ATF Special Agent Rodney Russell testified that on three occasions he personally purchased a total of 75.9 grams of crack cocaine directly from Roberts. Russell testified that on October 16, 1996, he purchased 13.4 grams of crack from Roberts for $500. Joint Appendix ("J.A.") at 35 (Russell Test.). On November 7, 1996, Russell purchased from Roberts 50.1 grams of crack. J.A. at 35 (Russell Test.). Finally, Russell testified that Roberts sold him 12.4 grams of crack on November 21, 1996. J.A. at 36 (Russell Test.). After hearing this testimony, the district court denied Roberts's objection to the PSR. The district court explained:

Defendant contends that he is entitled to a three-level reduction for having a mitigating role in the offense. The court finds that the defendant is not being held accountable for any cocaine under a conspiracy theory; he was only held accountable for cocaine he personally distributed. . . . Defendant's relevant conduct includes only acts of distribution in which he personally played a

substantial role, and a reduction for being a minor participant is not appropriate under the facts of this case.

J.A. at 25 (J.).

At a hearing on September 4, 1998, the district court granted Roberts's request for a two-level reduction pursuant to § 2D1.1(b)(6) of the Sentencing Guidelines. Based on a total offense level of 27 and a criminal history category of I, the district court sentenced Roberts to 72 months of imprisonment, which was at the low end of the guideline range. Roberts timely appealed the judgment imposing sentence.

## II. ANALYSIS

Section 3B1.2 of the Sentencing Guidelines provides for a reduction in the base offense level of a defendant who played a mitigating role in the offense:

Based on the defendant's role in the offense, decrease the offense level as follows:
(a) If the defendant was a minimal participant in any criminal activity, decrease by **4** levels.
(b) If the defendant was a minor participant in any criminal activity, decrease by **2** levels.
In cases falling between (a) and (b), decrease by **3** levels.

U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 3B1.2 (1997). The application notes following § 3B1.2 instruct that subsection (a) is intended to cover only those "defendants who are plainly among the least culpable" participants in the group conduct, such as those who exhibit a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." *Id.* commentary, applic. note 1. For purposes of subsection (b), "a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* commentary, applic. note 3.

The defendant, who is the proponent of the downward adjustment, bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. *See United States v. Owusu*, 199 F.3d 329, 337 (6th Cir. 2000). This court has often stated that it reviews a district court's denial of a mitigating role adjustment to a defendant's offense level for clear error. *See id.* at 337 & n.2. Recently, however, we explained that the two-part standard of review used in the context of aggravating role adjustments, under which a district court's factual findings are reviewed for clear error while its legal conclusions are reviewed de novo, is equally appropriate in the context of mitigating role adjustments. *See id.* at 337 n.2. We need not resolve this matter today, for our result would be the same under either standard.

Explaining that "Roberts was far less culpable than two of the other three participants [(Franklin and Johnson)] in the conspiracy to which he pled," Roberts argues that the district court erred in failing to grant him a downward adjustment for his mitigating role. Appellant's Br. at 7-8. Roberts bases his argument on several factors. First, Roberts argues that he was simply a courier for codefendant Franklin. Second, Roberts points out that a far smaller amount of narcotics was attributed to him for sentencing purposes than was attributed to either Franklin or Johnson. Based upon the PSR calculations, "Roberts participated in the sale of approximately 18% of Randall Franklin's sales and 50% of what Shawn Q. Johnson was assigned"; Roberts alleges that this fact demonstrates Roberts's minimal participation in the scheme. Appellant's Br. at 8. Finally, based on the fact that he was involved in the more than year-long conspiracy for a mere three months, Roberts argues that he did not play an important or indispensable role.

The thrust of Roberts's argument is that his minimal role in the overall conspiracy warrants a § 3B1.2 adjustment, even though the larger conspiracy was not taken into account in establishing Roberts's base offense level. As we have in the past, we reject this argument. *See United States v. Roper*, 135 F.3d 430, 434 (6th Cir.) ("The salient issue is the role the