**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Patricia Smallwood SLUSHER,
Defendant–Appellant.**

No. 00–5092.

United States Court of Appeals,
Sixth Circuit.

March 16, 2001.

**344**

Before KEITH, NORRIS, and DAUGHTREY, Circuit Judges.

Patricia Smallwood Slusher, a federal prisoner, appeals her conviction and sentence for conspiracy to possess with intent to distribute 792 Tylox capsules (which contain Oxycodone, a Schedule II controlled substance) in violation of 21 U.S.C. § 846. Both parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

A jury found Slusher guilty of the single count described above. Her motion for a new trial, on the ground that the jury's verdict was inconsistent with the evidence, was denied. The district court sentenced Slusher on January 14, 2000, to 70 months in prison and three years of supervised release. The total offense level included a two-level reduction for a minor role in the offense. An amended judgment was entered on January 24, 2000.

On appeal, Slusher argues that: (1) the district court abused its discretion in failing to grant a new trial based upon insufficient evidence; (2) the district court abused its discretion by failing to reduce Slusher's offense level by four under USSG § 3B1.2(a); and (3) the district court abused its discretion by failing to grant a downward departure under USSG § 5K2.13 based upon diminished capacity. Upon review, we affirm the district court's judgment.

Although Slusher's first issue specifically attacks the district court's denial of her motion for a new trial, which is reviewed for an abuse of discretion, *see United States v. Hartsel*, 199 F.3d 812, 815 (6th Cir.1999), *cert. denied*, 529 U.S. 1070, 120 S.Ct. 1679, 146 L.Ed.2d 487 (2000), it is clear that she is actually challenging the sufficiency of the evidence. When reviewing a claim of insufficient evidence this court determines " 'whether, taking the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Prince*, 214 F.3d 740, 746 (6th Cir.) (quoting *United States v. Haun*, 90 F.3d 1096, 1100 (6th Cir.1996)), *cert. denied*, 531 U.S. 974, 121 S.Ct. 417, 148

L.Ed.2d 322 (2000). Every reasonable inference is drawn in the government's favor. *United States v. Miller*, 161 F.3d 977, 985 (6th Cir.1998). In addition, "[s]ufficiency-of-the-evidence appeals are 'no place ... for arguments regarding a government witness's lack of credibility.'" *United States v. Hernandez*, 227 F.3d 686, 694 (6th Cir.2000) (quoting *United States v. Talley*, 164 F.3d 989, 996 (6th Cir.), *cert. denied*, 526 U.S. 1137, 119 S.Ct. 1793, 143 L.Ed.2d 1020 (1999)); *see also Miller*, 161 F.3d at 985.

 In order to obtain a conviction under 21 U.S.C. § 846, "the government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join, and participated in the conspiracy." *United States v. Gaitan–Acevedo*, 148 F.3d 577, 586 (6th Cir.1998). Proof of a formal agreement is not necessary; a tacit or mutual understanding will suffice. *United States v. Ledezma*, 26 F.3d 636, 640 (6th Cir.1994). A conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan. *Id.* Furthermore, the defendant need not have knowledge of every phase of the conspiracy; it is enough that she knew her criminal conduct was in some way connected to the success of the collective venture. *Gaitan–Acevedo*, 148 F.3d at 586.

When the proof presented at trial is examined in this light, it is clear that sufficient evidence does indeed exist to sustain Slusher's conviction. The testimony, particularly that of coconspirator Catherine Brock, is clearly sufficient to establish all of the elements for a drug conspiracy conviction. Recognizing this, Slusher argues that Brock's prior inconsistent statements rendered her trial testimony unreliable. However, as already noted, the issue of witness credibility is within the province of the jury which, in this case—and after cross-examination regarding the prior statements—chose to believe Brock. This court has found the testimony of one cooperating coconspirator sufficient to sustain a conspiracy conviction. *See United States v. Ward*, 190 F.3d 483, 488 (6th Cir.1999), *cert. denied*, 528 U.S. 1118, 120 S.Ct. 940, 145 L.Ed.2d 817 *and* 529 U.S. 1028, 120 S.Ct. 1440, 146 L.Ed.2d 328 (2000). Slusher's first issue on appeal is without merit.

 Slusher next argues that the district court erred in denying her motion for a four-level reduction in offense level as a minimal participant under USSG § 3B1.2(a). The defendant bears the burden of proving a mitigating role by a preponderance of the evidence. *United States v. Roberts*, 223 F.3d 377, 379 (6th Cir.2000). While this court has often stated that a district court's denial of a mitigating role reduction is reviewed for clear error, it has also explained that the two-part standard of review used in the context of aggravating role enhancements is equally appropriate in the context of mitigating role adjustments. *Id.* at 379–80. Under that approach, the district court's factual findings are reviewed for clear error while its legal conclusions are reviewed *de novo.* *Id.* at 380. Slusher cannot prevail under either standard.

 At sentencing, Slusher requested a reduction under § 3B1.2 as "either a minimal participant ... or a minor participant" on the ground that all she did was to make an introduction. In its ruling, the district court noted that the government had no objection to a two-level minor-role reduction. The court stated, however, that it did not think either that Slusher qualified for a minimal role reduction or that her conduct fell between the two. The district court's finding that Slusher's role in the offense was minor rather than minimal is not clearly erroneous. To qualify

**346**

for a minor role reduction, "a defendant must be less culpable than most other participants and substantially less culpable than the average participant." *United States v. Owusu*, 199 F.3d 329, 337 (6th Cir.2000) (internal quotations omitted). The reduction for a minimal role is intended to cover those defendants plainly among the least culpable of those involved in the offense and should be used infrequently. *Ledezma*, 26 F.3d at 646. In this case, Slusher was asked to find a buyer for approximately 1000 Tylox capsules and she did so. This transaction simply would not have taken place but for Slusher's involvement. Thus, the district court did not err in finding that, although Slusher's role was less culpable than that of the buyer and seller, it was not "minimal," and warranted only a two-level reduction as a minor participant.

█ Finally, Slusher argues that the district court abused its discretion in denying her motion for a downward departure under USSG § 5K2.13 for significantly reduced mental capacity. This court has consistently held that "a district court's discretionary refusal to depart downward is generally not appealable, unless the district court mistakenly believed it did not have legal authority to depart downward." *United States v. Pruitt*, 156 F.3d 638, 650 (6th Cir.1998); *see also United States v. Henderson*, 209 F.3d 614, 617 (6th Cir. 2000); *United States v. Strickland*, 144 F.3d 412, 418 (6th Cir.1998). "Where the district court's sentencing decision evinces a purposeful decision not to depart downward, however, it is not appealable." *Strickland*, 144 F.3d at 418.

The district court's sentencing decision in this case clearly evinces a purposeful decision not to depart downward. The district court considered the evidence offered by Slusher in an attempt to show that she did not appreciate the wrongfulness of her actions. Nonetheless, the court concluded that, even taken all together, the evidence did not amount to a ground for departure under § 5K2.13. Because the district court did understand that it had the authority to depart but simply concluded that the facts did not warrant a downward departure, Slusher's final issue is not reviewable on appeal.

Accordingly, the district court's judgment is affirmed.