**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Randall E. LUCAS, Defendant— Appellant.**

No. 99–3147.

United States Court of Appeals, Sixth Circuit.

March 22, 2001.

Before MOORE and CLAY, Circuit Judges, and HOOD, District Judge.*

HOOD, District Judge.

On October 15, 1996, the Grand Jury returned a thirteen-count Indictment charging twelve defendants with conspiracy to distribute and to possess with intent to distribute, cocaine and cocaine base (crack cocaine), and various counts alleging specific incidents of knowingly and intentionally unlawfully distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Appellant Randall E. Lucas was named in the conspiracy charge (Count One) and four other counts of knowingly and intentionally unlawfully distributing cocaine base (crack) (Count Six (45 grams), Count Eight (70 grams), Count Nine (119 grams), and Count Ten (113 grams)), in violation of 21 U.S.C. § 841(a)(1).

Lucas entered a plea of guilty to Counts Nine and Ten of the Indictment on March 3, 1998 pursuant to a Rule 11 Plea Agreement entered with the Government. The parties agreed that the Government would recommend to the Court a base offense level of 34 for purposes of calculating the sentence under the federal sentencing guidelines, with a three point adjustment for acceptance of responsibility, to an of-

* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

fense level of 31. (J.A., p. 57) The Plea Agreement expressly noted that there was no agreement as to the ultimate sentence other than Lucas could receive the maximum penalty provided by law. (J.A., p. 58) At the Plea Hearing, defense counsel stated that he had advised his client that he could receive at most 235 months of imprisonment under an offense level of 31, with a criminal history category of six. (J.A., pp. 78–79) No provision regarding downward departure for substantial assistance was contained in the Plea Agreement. On January 27, 1999, Lucas was sentenced to a term of imprisonment for two hundred (200) months of imprisonment for Count Nine and two hundred (200) months of imprisonment for Count Ten, with the sentences to run concurrently. Counts One, Six and Eight were dismissed on the Government's motion.

Lucas timely filed a Notice of Appeal from the District Court's Judgment claiming: 1) the District Court committed reversible error by failing to grant a two-level reduction for being a minor participant; 2) the District Court committed reversible error by failing to grant Lucas a downward departure from the recommended guideline range for assistance provided and attempted to be provided to authorities and the Court; 3) the District Court committed reversible error in failing to order the disclosure or review of notes of an interview between Lucas and a Government witness for the purposes of evaluating Lucas' claim that he was entitled to a reduction of his sentence due to substantial assistance; 4) the District Court failed to make sufficient findings on disputed sentencing factors based upon appropriate facts in evidence; and 5) if the matter was remanded, the sentencing judge should resentence Lucas without that factor found in Lucas' favor, not merely readjudication of that factor.

For the reasons set forth below, the District Court's Judgment is AFFIRMED.

## I. ANALYSIS

### A. Standard of Review

■ In reviewing a district court's application of the Sentencing Guidelines, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Watkins*, 994 F.2d 1192, 1195 (6th Cir.1993).

### B. Minor Participant

■ U.S.S.G. § 3B1.2(a) provides for a four-point offense level reduction for being a "minimal participant" in the offense conduct and U.S.S.G. § 3B1.2(b) provides a two-point decrease for having a "minor role" in the offense. *See United States v. Perry*, 908 F.2d 56, 58 (6th Cir.1990). The proponent of an adjustment bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. *United States v. Owusu*, 199 F.3d 329, 337 (6th Cir.2000). A district court's denial of a mitigating role adjustment to a defendant's offense level is reviewed for clear error. *Id.* at 337 & n. 2.

Lucas claims that the District Court's finding that he is not entitled for a decrease in his base offense level for having a "minor role" in the offense should be reversed. Lucas asserts that he was not convicted of conspiracy and has maintained his denial of any involvement in any conspiracy throughout the proceedings. The Indictment charged that the conspiracy began in January 1994 with overt acts from other defendants in March of 1994. (J.A., pp. 37–39) The Indictment alleged Lucas' earliest involvement was January 12, 1996 and the last act on March 22, 1996, a span of about two months, out of a two-year series of events. (J.A., pp. 42–43). Lucas claims his acts, in relation to

the other participants, was not only "less culpable" than most participants, but also "substantially less culpable" than the average participant. Other defendants were indicted for transacting in "kilograms" of cocaine, whereas the most Lucas was charged for was 119 grams of cocaine base. Lucas argues that he was a minor participant and a latecomer to the conspiracy.

In response, the Government noted that the Presentence Report concluded that Lucas was responsible for enough crack cocaine to place his base offense level at 36, not level 34, as recommended in the Plea Agreement. The relevant conduct found in the Presentence Report was based on conduct attributable to the conspiracy. The Presentence Report imputed to Lucas three additional points for having a managerial role in an organization that was "otherwise extensive." (PSR ¶ 68 and U.S.S.G. § 3B1.1(b)) The Presentence Report found that Lucas played a significant role in the receipt, processing, and distribution of cocaine base; that he directed the activities of co-Defendants, Dayomine Owens and Wallace Hailey; and that he ran his own group of drug distributors. The Presentence Report's final offense level was 36, after taking three points off for acceptance of responsibility.

After evidence and arguments were presented at the sentencing hearing, the District Court did not adopt the enhancement recommended in the Presentence Report because Lucas did not plea to conspiracy "but to two free-standing charges." (J.A., p. 300) The District Court declined to grant a minor role departure for the same reason that Lucas did not plea to conspiracy but to two free-standing charges which the District Court found Lucas was specifically involved in. (J.A., p. 300) The District Court determined a base offense level of 34, not the 36 recommended by the Presentence Report, less two points for acceptance of responsibility and less one

point for timely notification of the intent to plea guilty, with a net offense of level 31 and a criminal history of six. (J.A., p. 306) The Sentencing Guideline range was for imprisonment in the range of 188 to 235 months. (J.A., p. 307) Lucas received two terms of imprisonment of 200 months for the two counts to which he pleaded guilty, Counts Nine and Ten, to be served concurrently. (J.A., pp. 307–08)

■ Lucas' argument essentially is that although he did not plea to the conspiracy charge, his role in the conspiracy and in relation to the other defendants was that of a minor participant. We have recently rejected this argument and have consistently done so in the past. In *United States v. Roberts*, 223 F.3d 377 (6th Cir. 2000), the same issue was brought before the Court. We noted that "[t]he salient issue is the role the defendant played in relation to the activity for which the court held him or her accountable." *Id.* at 380 (quoting *United States v. Roper*, 135 F.3d 430, 434 (6th Cir.1998)). Even if defendants were found to be minor participants to the conspiracy as a whole, defendants were "not entitled to a minor role reduction because they were 'held responsible [only] for cocaine that they were actively involved in distributing.'" *Roberts*, 223 F.3d at 380 (quoting *United States v. Walton*, 908 F.2d 1289, 1303 (6th Cir.1990)). We found support in the introductory commentary to the Sentencing Guidelines, Chapter 3, Part B, which we interpreted to mean "that a district court should assess a defendant's role in the offense in relation to the relevant conduct that was attributed to the defendant for purposes of calculating his base offense level; '[o]therwise, a defendant could argue that [his] relevant conduct was narrow for the purpose of calculating base offense level, but was broad for determining [his] role in the offense.'" *Roberts*, 223 F.3d at 381 (quot-

ing *United States v. Rodriguez De Varon*, 175 F.3d 930, 941 (1999) (*en banc*)); *see*, U.S.S.G. Ch. 3, Pt. B, Introductory Commentary. We further noted that Application Note 4 of U.S.S.G. § 3B1.2 reinforced our conclusion because although it applies by its terms to a defendant who has been convicted of a lesser offense, Note 4 "stands for the principle that when a defendant's base offense level does not reflect the conduct of the larger conspiracy, he should not receive a mitigating role adjustment simply because he was a minor participant in that broader criminal scheme." *Roberts*, 223 F.3d at 381; *see* U.S.S.G. § 3B1.2, Commentary, Applic. Note 4.

The District Court below did not adopt the Presentence Report that Lucas was entitled to an enhancement for his role in the conspiracy because he did not plea to the conspiracy charge, only to the "two free-standing charges." For the same reason, the District Court did not grant a minor role reduction, finding that Lucas was specifically involved in the conduct found in Counts Nine and Ten. (J.A., p. 300) There was no dispute that the amount of drugs attributable to Lucas in Counts Nine and Ten constituted a base offense level of 34. (J.A. pp. 63, 72–76, 170) The total weight of the drugs sold found in Counts Nine and Ten was in excess of 50 grams, for a total of 233.1 grams of crack cocaine. (J.A., p. 76) Lucas does not dispute that without the conspiracy charge, the base offense level for Counts Nine and Ten is 34. Counts Nine and Ten allege that Lucas and co-Defendant Owens knowingly and intentionally unlawfully distributed 119 and 113 grams of crack cocaine.

As noted in the Presentence Report, Lucas directed the activities of Owens. (J.A., p. 328) Only Lucas and Owens were alleged to be participants in Counts Nine and Ten. At the Plea Hearing, the facts agreed to by Lucas regarding the March 6, 1996 incident was that Lucas arranged for the delivery of the drugs. The informant paged Lucas who then returned the page. Lucas met the informant at a certain location and Lucas used a pay phone to arrange for the delivery of the drugs. Owens arrived and provided the cocaine to the informant in the presence of the undercover officer. (J.A., pp. 73–74) As to the March 22, 1996 incident, the undercover detective spoke to Lucas via cellular telephone and ordered the drugs. Lucas and Owens arrived at the restaurant together in a station wagon. The undercover officer entered the station wagon and had a conversation with Lucas and Owens regarding the price. The undercover officer gave the money to Owens who counted the money at Lucas' request. The officer then retrieved the drugs from the floorboard of the vehicle and departed. (J.A., pp. 74–75)

Based on the above, the District Court properly found that Lucas was not entitled to a downward adjustment pursuant to § 3B1.2. The District Court based its decision on the relevant conduct attributed to Lucas as alleged in Counts Nine and Ten of the Indictment. Lucas was personally involved in the transactions alleged in Counts Nine and Ten and has not shown that he was a minor participant in those transactions. The District Court did not err in finding that Lucas was not entitled to a minor role adjustment.

## C.   Substantial Assistance

Lucas argues that the District Court erred in failing to depart downward pursuant to § 5K1.1 for the substantial assistance he provided to the Government and to the Court. Lucas makes two arguments on this issue. First, Lucas claims that the Government's refusal to file for a motion for substantial assistance downward departure pursuant to § 5K1.1 was unconstitutional and/or in "bad faith." Lu-

cas' second argument is that a motion by the Government is not required in order for the trial court to depart downward for substantial assistance based on 18 U.S.C. §§ 3661 and 3553(b). Lucas relies on *United States v. Coleman,* 188 F.3d 354 (6th Cir.1999) (*en banc*). "A downward departure is permitted when there is a mitigating factor that has not been adequately considered in formulating the Sentencing Guidelines. 18 U.S.C. § 3553(b); *see also* 1998 U.S.S.G. § 5K2.0." *Id.* at 358. In *Coleman,* we noted,

> All other factors which a defendant posits as evidence that a downward departure may be warranted must be considered by the district court utilizing the analysis described above and making a "refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing." To do otherwise would directly contravene the express holding of *Koon* and "would run afoul of one of the important concerns articulated [by that decision]." Thus, we reiterate that there are an unquantifiable number of potential departure factors, including heretofore unknown factors that have not been previously considered by a court. Simply because a court has not directly ruled on the fact at issue does not excuse the district court from considering the factor as a potential basis for a downward departure.

*Coleman,* 188 F.3d at 359 (citations omitted) (citing *Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) and *United States v. Olbres,* 99 F.3d 28, 34 (1st Cir.1996)).

In a recent case, *United States v. Moore,* 225 F.3d 637 (6th Cir.2000), we addressed the same question presented in this case-whether the district court has the authority to grant a substantial assistance downward departure, notwithstanding the government's failure to file such a motion. We stated that *Coleman* "does not suggest a constructive overruling of *Benjamin* and our longstanding precedents that a district court may not consider a substantial-assistance downward departure without a motion by the government." *Moore,* 225 F.3d at 643 (citing *United States v. Benjamin,* 138 F.3d 1069, 1073 (6th Cir.1998) ("A district court may depart [for substantial assistance] only upon a motion from the government.")). "Nor does *Coleman* suggest an abrogation of the plain language of § 5K1.1, which provides that a district court may consider a substantial-assistance departure under § 5K1.1 '[u]pon motion of the government stating that the defendant has provided substantial assistance.' U.S.S.G. § 5K1.1." *Moore,* 225 F.3d at 643–44. "[T]he Supreme Court has ruled that a district court may only consider a substantial-assistance departure upon government motion." *Id.* at 644 (citing *Wade v. United States,* 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992)). The Government's refusal to file a substantial assistance motion may not be challenged unless there is a showing by the defendant that the refusal is based upon an unconstitutional motive such as race or religion. *Wade,* 504 U.S. at 185. Generally, a court's failure to exercise its discretion and grant a downward departure is not reviewable. *Coleman,* 188 F.3d at 357.

In this case, the Government refused to file a motion for downward departure pursuant to § 5K1.1. There was no provision in the Plea Agreement that the Government would file a § 5K1.1 motion. The District Court concluded that the absence of such language indicated that "at the time of the entering into [ ] the plea agreement, substantial assistance simply was no longer even a remote option." (J.A., p. 274) Other than Lucas' conclusory allegations in his brief that because Lucas is African–American and the prosecutor was

not and that courts have recognized that unconstitutional motives can include prosecutorial vindictiveness and a defendant's refusal to implicate specific persons, there has been no showing that the Government's refusal to file a downward departure substantial assistance motion was based on an unconstitutional motive. The District Court did not err when it found that "Defendant has failed to make the threshold showing that the Government was motivated by unconstitutional considerations when it decided not to move for downward departure." (J.A., p. 283) We find that absent a motion filed by the Government for substantial assistance departure and absent an unconstitutional motive by the Government not to file such a motion, we do not have the authority to review the District Court's denial of a downward departure based on substantial assistance. *Wade,* 504 U.S. at 185. Lucas' argument that the District Court erred in failing to order the disclosure or review of notes of an interview between Lucas and a Government witness relating to Lucas' substantial assistance claim need not be addressed.

## D. Criminal History

▪ Lucas further claims that the District Court failed to make sufficient finding on disputed sentencing factors based upon appropriate facts in evidence. The application of guideline procedural requirements is a purely legal question reviewed *de novo* by this Court. *United States v. Garner,* 940 F.2d 172, 174 (6th Cir.1991). Fed.R.Crim.P. 32(c)(1) states that, "at the sentencing hearing ... for each matter controverted, the Court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will affect, sentencing." "Literal compliance" with this provision is required. *United States v. Fry,* 831 F.2d 664, 667 (6th Cir.1987);

*United States v. Tackett,* 113 F.3d 603, 613–14 (6th Cir.1997). Simply stating that a court adopts the factual findings and guideline applications in the presentence report is insufficient. *Tackett,* 113 F.3d at 614. A district court need not engage in a "ritualistic incantation" of an issue to show consideration. *Moore,* 225 F.3d at 643. If the district court fails to make specific factual finding, the matter must be remanded for resentencing. *United States v. Edgecomb,* 910 F.2d 1309, 1313 (6th Cir.1990). We have addressed the basis for the minor role reduction and substantial assistance issues above. The only issue remaining regarding the District Court's factual findings is whether the District Court made sufficient factual findings pursuant to Fed.R.Crim.P. 32(c)(1).

Lucas argues that the trial court did not make any findings of fact relating to Lucas' contesting of his criminal history points and simply relied upon the presentence investigation report itself without any substantial documentation or proof otherwise. A review of the record shows otherwise. The Presentence Report showed that Lucas had accumulated 27 criminal history points and was placed at Category VI criminal history. Thirteen criminal history points is required to be placed at Category VI.

The Sentencing Hearing transcript shows that not only did the trial court extensively review with defense counsel Lucas' criminal history points, but the District Court also reviewed the objections filed by Lucas. (J.A., pp. 286–300) Defense counsel answered the District Court's question, "Are there any other objections, Mr. O'Brien?" by responding, "Your Honor, you have them all." (J.A., p. 300) With regards to the criminal history points, the District Court reviewed the points assigned to each criminal history incident and indicated that with the 27

points assessed by the Presentence Report, if points were taken off for the "common nuisance, the traffic, the two Judge Kessler specials, attempted drug abuse and the trespasses, we are at 16 points." (J.A., pp. 298–99) Defense counsel responded, "I agree with everything you have done and you have said, and thank you for taking out the ones that you did, but I also am stuck on 15. That's the number that I get. In any event, it's a number beyond 13, but I appreciate your taking those out, because they really shouldn't be in there." (J.A., p. 299) The District Court stated that "I've not indicated, Mr. O'Brien, that I was taking them out. I indicated that I would, for purposes of argument, not consider them. I simply do not feel-in overruling that objection, I simply do not feel in overruling that objection that the Defendant's criminal history of 6 over represents the seriousness of his past criminal conduct or the likelihood of recidivism." (J.A., pp. 299–300).

The record reveals that the District Court did make findings regarding the criminal history points Lucas objected to. The District Court did not "simply" or "summarily" adopt the Presentence Report. The District Court reviewed each criminal history point in dispute. (J.A., pp. 294–99) There are no allegations that the convictions were not true. The only issue is that the District Court did not "take out" those points from the calculations. However, the record shows that the District Court did, for purposes of argument, "not consider" the points assigned to the disputed criminal history points and still concluded that the remaining points added beyond the 13 points required for a Category VI criminal history, with which defense counsel agreed. As the District Court further noted after Lucas asked the District Court to delete the points, "I can't delete them, Mr. Lucas, because that's part of your past criminal record, and I'm required to include them in the report.

What I said to Mr. O'Brien was that, for purposes of discussion, I was prepared not to count them if doing that would get your criminal history below a Category 6, but I cannot delete them." (J.A., p. 302) Having reviewed the criminal history points and not considering the points objected to by Lucas, the points remaining were not sufficient to go below a Category VI. The District Court did not rely on "controverted facts" in declining to go below a Category VI but relied on the calculation that even without assigning points to the convictions objected to by Lucas, the criminal history points were not sufficient to go below a Category VI criminal history. The District Court made sufficient findings required under Fed.R.Crim.P. 32(c)(1) because the District Court found that even with the controverted points—taking out those points in the calculation of the criminal history points—"will not affect" the sentencing. Fed.R.Crim.P. 32(c)(1).

## E. *Apprendi*

By way of a supplemental letter dated July 26, 2000 updating the citations to the Appellant's brief, Lucas argues that the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), applies in his case regarding sentencing.

We believe *Apprendi* is inapplicable to this case. In *Apprendi*, the Supreme Court held that "[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." *Apprendi*, 120 S.Ct. at 2363. However, the majority clearly states that, *"other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must

be submitted to a jury and proved beyond a reasonable doubt." 120 S.Ct. at 2362–63 (emphasis added).

 There is no dispute that the guideline range with the offense level of 31 and a criminal history Category VI is 188 to 235 months. (J.A., p. 307) Lucas was sentenced to a term of imprisonment of 200 months for each count, Counts Nine and Ten, which is within the sentencing guideline range. Lucas was not sentenced beyond the prescribed statutory maximum in this case. *Apprendi* is inapplicable.

## II.  CONCLUSION

For the reasons set forth above, we AFFIRM Lucas' judgment of conviction and sentence.