**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael ANDERSON, Defendant–Appellant.**

**No. 01–1069.**

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2002.

Before MERRITT, BOGGS, and MOORE, Circuit Judges.

### ORDER

Michael Lee Anderson appeals his sentence of imprisonment imposed upon his plea of guilty to knowingly receiving, possessing, storing, bartering and selling stolen firearms in violation of 18 U.S.C. § 922(j). The parties have expressly waived oral argument, and upon examination, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

At sentencing, Anderson requested a two-level downward adjustment as a minor participant under USSG § 3B1.2(b). The district court denied Anderson's request and sentenced Anderson to thirty-seven months of imprisonment. In his timely appeal, Anderson reasserts that he should have been granted a minor role adjustment.

This court reviews a district court's application of the Sentencing Guidelines de novo and its factual findings concerning a defendant's role in an offense for clear error. *United States v. Caseslorente,* 220 F.3d 727, 734 (6th Cir.2000).

Upon review, we conclude that the district court did not err. Anderson contends that he should have received a two-point

reduction in his offense level under USSG § 3B1.2(b) for being a "minor participant" in the offense. A "minor participant" is one who is "less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.3). In addition, an adjustment under § 3B1.2 is not appropriate in the absence of a finding that the defendant was "substantially less culpable than the average participant." *Id.* at comment. (backg'd.). This determination is one that depends heavily on the facts and is an issue on which the defendant bears the burden of proof by a preponderance of the evidence. *United States v. Owusu*, 199 F.3d 329, 337 (6th Cir.2000); *United States v. Miller*, 56 F.3d 719, 720 (6th Cir.1995).

Anderson claims he was entitled to a mitigating role adjustment because he played a minor role in the sale of the firearms. However, the district court found that Anderson was a very significant participant in the conspiracy with respect to both finding a buyer for the firearms and vouchsafing their purchase.

Although Anderson compares his activities with those of the conspiracy as a whole, this is not the proper inquiry. Rather, as this court has held on several occasions, a defendant's role for purposes of this adjustment must be determined in relation to the activity for which he is held accountable. *United States v. Roberts*, 223 F.3d 377, 380–81 (6th Cir.2000) (citing cases). When a defendant's base offense level does not reflect the conduct of the larger conspiracy, his culpability must be determined from the relevant conduct attributed to him and in relation to the other participants in that relevant conduct. *Id.* at 381.

In this case, the offense level was based only on Anderson's direct involvement in the sale of stolen firearms. With respect to that conduct, Anderson represented the supplier, made the contacts necessary to find his long-time friend and likely buyer, arranged for delivery and inspection of the firearms, traveled with his coconspirators to the sale, and vouchsafed the transaction. The fact that others planned the activities of the conspiracy does not make the defendant a minor participant. *Miller*, 56 F.3d at 720. Nor is a defendant entitled to a mitigating role adjustment when his participation is indispensable to carrying out the conspiracy. *United States v. Latouf*, 132 F.3d 320, 322 (6th Cir.1997). While Anderson may not have been the most culpable, he was not a minor participant with respect to the sale of the firearms. The district court did not err in denying an offense reduction to Anderson for his role in the crime.

Accordingly, we hereby affirm the district court's judgment.