UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS EDUARDO ROSAS-ZULOAGA,

Defendant-Appellant.

No. 01-4560

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-407)

Submitted: January 18, 2002

Decided: February 19, 2002

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Michael W. Patrick, LAW OFFICES OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Bradley Staley, Third-Year Law Student, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jesus Rosas-Zuloaga pled guilty to conspiracy to distribute more than five kilograms of cocaine and more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846 (1994), and was sentenced to a term of 135 months imprisonment. Rosas-Zuloaga appeals his sentence, arguing that the district court failed to make specific findings when it rejected his argument for a minor or minimal role adjustment, *U.S. Sentencing Guidelines Manual* § 3B1.2(a), (b) (2000), and also clearly erred in finding that he did not have a mitigating role in the conspiracy. He makes similar claims with respect to the district court's decision to enhance his base offense level for possession of a firearm under USSG § 2D1.1(b)(1). We affirm.

Authorities made a controlled delivery of three United Parcel Service (UPS) packages to Rosas-Zuloaga's apartment in Winston-Salem, North Carolina, on July 21, 2000. The packages contained a total of thirty-one kilograms of cocaine and eight kilograms of marijuana. A handgun was recovered from a closet in a hall just off the living room. When test-fired, the gun proved to be inoperable. Fifteen identical UPS packages were shipped on the same day from the same location in Texas to other addresses in Winston-Salem. Controlled deliveries at those addresses resulted in additional arrests. Rosas-Zuloaga cooperated after his arrest. He admitted receiving two similar packages on July 7, 2000, identified his contact within the conspiracy and that person's superior, both of whom had come to see him a few days before the July 7 delivery to make sure everything was in order, and said that he was paid $1500 for his assistance with that delivery.

At sentencing, the district court determined that Rosas-Zuloaga did not qualify for a minor or minimal role adjustment. The court did not credit the testimony of Rosas-Zuloaga's wife that the family regarded the gun as a toy and that her husband had used it only as a hammer.

The court found that it was not clearly improbable that the firearm was connected with the conspiracy because it could be used for intimidation even if it was inoperable. USSG § 2D1.1, comment. (n.3) (enhancement applies if weapon present during offense unless clearly improbable that weapon is connected with offense).

We review a district court's determination of the defendant's role in the offense for clear error. *United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999), *cert. denied*, 528 U.S. 1177 (2000). The defendant has the burden of showing that he is entitled to a reduction for having a minor or minimal role in a criminal activity. *Id.* A minor participant is one who is less culpable than most other participants, but whose role cannot be described as minimal. USSG § 3B1.2, comment. (n.3). A defendant whose conduct is material or essential to the offense is not a minor participant. *Akinkoye*, 185 F.3d at 202. Here, we find that Rosas-Zuloaga failed to make the required showing that he had either a minor or minimal role. Moreover, he was held responsible for sentencing purposes only for the drugs he personally received on July 21, but not for any additional drugs that could have been included in his relevant conduct. In this circumstance, a majority of courts have held that a role reduction is not warranted. *See, e.g.*, *United States v. Roberts*, 223 F.3d 377, 380 (6th Cir. 2000); *United States v. Rodriguez De Varon*, 175 F.3d 930, 941-42 (11th Cir. 1999) (en banc). Therefore, we cannot find that the district court clearly erred in holding that the weapon enhancement applied. Because both issues were fully explored before the court ruled on Rosas-Zuloaga's objections, we find that the district court's findings were adequate to resolve the issues raised and to permit appellate review.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*