UNITED STATES of America,
Plaintiff–Appellee,

v.

Manuel G. GOMEZ, Defendant–
Appellant.

No. 02–3132.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2002.

Before SILER and MOORE, Circuit Judges; and MCKINLEY, District

Judge.[*]

## ORDER

Manuel G. Gomez, proceeding through counsel, appeals the sentence imposed upon his conviction for possessing approximately 90 kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 13, 2001, the Ohio Highway Patrol stopped Gomez and another man for a traffic violation and ultimately discovered cocaine in a hidden compartment in the bed of their pick-up truck. Gomez was driving the truck from Illinois to New York in exchange for $5,000. On March 7, 2001, a grand jury indicted Gomez and his traveling companion on the single count mentioned above. Gomez then pleaded guilty on September 29, 2001, without benefit of a written plea agreement.

In the presentence investigation report (PSR), Gomez was held responsible for the full amount of the cocaine, which resulted in a base offense level of 36. *See* USSG § 2D1.1(c)(2). After adjustments for acceptance of responsibility and the safety valve exception, Gomez's offense level was reduced to 31. Gomez filed an objection to the PSR, arguing that his offense level should be further reduced either by three or four levels due to his mitigating role in the offense. *See* USSG § 3B1.2. The probation officer recommended denying the reduction because Gomez "had knowledge of the scope and structure of the enterprise." At the sentencing hearing on January 11, 2002, the district court agreed and rejected Gomez's argument that he had not been aware of the nature and extent of the crime he had committed. The district court then sentenced Gomez to 108 months in prison.

This appeal followed. Gomez argues that he was entitled to the mitigating role adjustment as a minimal participant because there was no allegation that he was the owner of the cocaine, that he was a leader or organizer, or that he was aware of the total amount of the cocaine. In contrast, the total evidence against him was that, on a single occasion, he drove a truck that contained cocaine.

Traditionally, this court has reviewed a district court's denial of a mitigating role adjustment for clear error. *United States v. Roberts,* 223 F.3d 377, 379–80 (6th Cir. 2000). But this court also has stated that the standard of review should be the same as that for an aggravating role adjustment, such that the district court's factual findings concerning a mitigating role adjustment are reviewed for clear error, while its legal conclusions are reviewed de novo. *Id.*

Regardless of which standard is applied in the instant case, we conclude that the district court properly denied the adjustment. The Guidelines provide that a defendant's offense level may be decreased by 4 levels if the defendant was a "minimal" participant in the offense, 2 levels if the defendant was a "minor" participant, and 3 levels for in-between cases. *See* USSG § 3B1.2 (Nov.2001). A defendant who lacks "knowledge or understanding of the scope and structure of the enterprise" is eligible for a reduction in offense level as a "minimal" participant. *See* USSG § 3B1.2, comment. (n.4) (formerly n. 1). A

[*] The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

**594**

"minor" participant is one who is "less culpable than most other participants, but whose role could not be described as minimal." *See* USSG § 3B1.2, comment. (n.5) (formerly n. 3). More than one participant must be involved in the offense, and no reduction is warranted unless the defendant is substantially less culpable than the average participant. *See* USSG § 3B1.2, comment. (nn.2 and 3(A)). The defendant bears the burden of proving his mitigating role by a preponderance of the evidence and must show that he played a relatively minor role in conduct for which he was held accountable. *Roberts,* 223 F.3d at 379–80.

Gomez did not meet his burden of proving by a preponderance of the evidence that he was substantially less culpable than the average participant. A defendant does not qualify for a mitigating role reduction merely because someone else planned the scheme and made all the arrangements. *United States v. Miller,* 56 F.3d 719, 720 (6th Cir.1995). Thus, it is immaterial that Gomez was not the owner of the cocaine or the leader or organizer of the drug transaction, and it was for Gomez, not the government, to prove the extent of his knowledge about the trip. Gomez, however, did not testify at sentencing or present any evidence to indicate a mitigating role. Rather, Gomez had given the following written statement to the probation officer:

> I accompanied Joe Bueno from Chicago with an amount of cocaine that was hidden in the truck bed. I was paid $5,000.00 for the trip. I knew what I was doing was wrong and am sorry.

Although Gomez was convicted based on this single shipment of cocaine, he was not held accountable for other conduct and he did not show that he played a relatively minor role with regard to the shipment. *See Roberts,* 223 F.3d at 380. Gomez was the driver of the truck and understood what he was doing. In determining Gomez's sentence, the district court commented:

> [I]t is not possible for me to believe that someone would be entrusted with 90 kilograms of cocaine with a street value of in excess of two and a half to three million dollars without having some experience in this.

Accordingly, the district court's judgment is affirmed.