**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willie WOODS, Jr., Defendant– Appellant.**

**No. 02–5583.**

United States Court of Appeals, Sixth Circuit.

March 17, 2003.

Before MARTIN, Chief Judge; ROGERS, Circuit Judge; and EDMUNDS, District Judge.*

*ORDER*

Willie Woods, Jr., pleaded guilty to witness tampering and conspiracy to possess cocaine base for intended distribution. *See* 18 U.S.C. § 1512(b)(3) *and* 21 U.S.C. § 846. On April 5, 2002, he was sentenced to eighty-eight months of imprisonment and five years of supervised release. It is from this judgment that Woods now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Woods argues that his offense level should have been reduced under USSG § 3B1.2(b), as he was a only minor participant in the offense. It was Woods's burden to show by a preponderance of the evidence that he was entitled to a reduction under § 3B1.2. *See United States v. Latouf,* 132 F.3d 320, 332 (6th Cir.1997). Thus, he was required to show that he was "substantially less culpable than the average participant" in the offense. USSG § 3B1.2, comment. (n.3(A)) (2001). A defendant is not entitled to such a reduction if his participation is indispensable to the execution of the offense. *See Latouf,* 132 F.3d at 332.

The district court reasoned as follows in denying Woods's request for a § 3B1.2 reduction:

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

[T]he defendant was clearly not a minor or minimal participant. It's true he had a supplier, but all drug dealers have a supplier. And the fact that someone has more dope than he does and provides it to him doesn't make this defendant a minimal or a minor participant. He was involved in more than one hand-to-hand transaction. He was also involved in trying to hush up a potential witness against him.

We generally review a district court's refusal to grant a § 3B1.2 reduction for clear error. *See United States v. Tilford,* 224 F.3d 865, 868 (6th Cir.2000). However, it may be appropriate to review the court's legal conclusions *de novo* when the facts are not in dispute. *See United States v. Roberts,* 223 F.3d 377, 379–80 (6th Cir. 2000). Woods's claim fails under either analysis.

Woods now argues that he should have been considered a minor participant in relation to his co-conspirator, John Geanes. In particular, Woods argues that he only kept a portion of the proceeds from the drug transactions and that Geanes was the supplier of the drugs. These arguments are unavailing in light of Agent Schuler's testimony at sentencing, which plainly indicates that Woods's participation was pervasive and essential to the offense. Thus, Woods has not carried his burden of showing that he was substantially less culpable than the average participant in the conspiracy. *See Tilford,* 224 F.3d at 869; *Roberts,* 223 F.3d at 381–82.

Accordingly, the district court's judgment is affirmed.