**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roger Lee JACKSON, Defendant–**
**Appellant.**

No. 03–1679.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2004.

B. Rene Shekmer, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

David L. Kaczor, Grand Rapids, MI, for Defendant–Appellant.

Before: NORRIS and DAUGHTREY, Circuit Judges; and OLIVER, District Judge.*

## ORDER

Roger Lee Jackson, represented by counsel, appeals his judgment of conviction and sentence. The appellant is deemed to have waived oral argument because he failed to respond to this court's letter, and the appellee has expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In December 2002, Jackson pleaded guilty to conspiring to manufacture more than 1,000 marijuana plants in violation of 21 U.S.C. §§ 841 and 846. The district court sentenced him to thirty-seven months of imprisonment and three years of supervised release.

Jackson has filed a timely appeal, essentially arguing that the district court improperly denied him an offense level ad-

justment for being a minor participant in the conspiracy.

The district court did not err when it denied Jackson a reduction for being a minor participant in the offense. In support of this claim, Jackson essentially argued that he should be entitled to the same two-level reduction for being a minor participant that his brother (Roland Jackson) received because his role was similar to his brother's role. Jackson argues that other than wiring a barn for electrical power to dry harvested marijuana plants, his primary role was to assist his brother with growing marijuana plants in his brother's basement. He maintains that the district court erred when it concluded that he had performed crucial functions for the conspiracy and that he had received a larger portion of the proceeds from the conspiracy.

Upon review, we conclude that Jackson has not established that he was entitled to a reduction for being a minimal *or* minor participant. We have historically reviewed a district court's denial of a mitigating role adjustment for clear error, but have recently stated that the two-part standard of review used in the context of aggravating role adjustments, under which a district court's factual findings are reviewed for clear error while its legal conclusions are reviewed de novo, is equally appropriate in the context of mitigating role adjustments. *United States v. Roberts*, 223 F.3d 377, 379 (6th Cir.2000). A defendant bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. *Id.*

Under either standard, the district court did not err in this case. Under USSG § 3B1.2, a defendant's offense level may

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

be decreased by four levels if the defendant was a minimal participant in any criminal activity. The guidelines commentary defines a "minimal" participant as "a defendant who plays a minimal role in concerted activity ... [a] defendant who [is] plainly among the least culpable of those involved in the conduct of a group...." *See* USSG § 3B1.2, comment. (n.1). This four-level adjustment "is intended ... [to] be used infrequently," in cases where, although the defendant participated in the criminal activity, he had little or no "knowledge or understanding of the scope and structure of the enterprise and of the activities of [the] others." *See* USSG § 3B1.2, comment. (n.1 & 2). However, the mere fact that a defendant may be described as being less culpable than his co-conspirators does not automatically establish that he deserves even a minor participant reduction. *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995). Rather, the defendant's actions must be compared with those of the average participant in a similar scheme, and a district court does not err in declining to give a two-point minor-participant reduction when the defendant's role in a crime, while less significant, could be said to be pivotal or necessary to its success. *See, e.g., United States v. Miller,* 56 F.3d 719, 720 (6th Cir.1995).

Jackson was not entitled to a reduction as a minimal or a minor participant. A review of the record reflects that Jackson was involved in the conspiracy for each of the three years that it existed, that he had a grasp of the scope and nature of the conspiracy, and that he made significant contributions to the conspiracy that were not made by other members of the conspiracy. During his plea hearing, Jackson acknowledged that in 2000 he rented Duane Miller's barn to process marijuana for the conspirators and that he helped wire the barn for electrical power so that harvested marijuana could be dried. In addition, a review of the presentence investigation report (PSI) reflects that Steven Thompson and Patrick Thompson, two of the men who had started the conspiracy, sent six men from Kentucky to Michigan to harvest marijuana, that the marijuana was taken to the barn rented by Jackson, and that Jackson assisted with the loading and unloading of the marijuana plants. Jackson received $10,000 as his share of the proceeds.

Thereafter, in late 2000 or early 2001, Jackson and Michael Sandborn (another of the men who had started the conspiracy), planned to grow additional marijuana plants indoors for subsequent planting outside with the plants that were to arrive from Kentucky. Jackson's brother (Roland Jackson) agreed to let them use his basement to grow the marijuana. Jackson and Sandborn installed the marijuana growing equipment into the basement and attempted to grow approximately 1,000 marijuana plants. The plants that survived this attempt were later planted outside with marijuana plants that had been brought in from Kentucky. In June and October of 2001, conspirators from Kentucky harvested the planted marijuana. Jackson received ten pounds of marijuana for his assistance. In June 2002, conspirators from Kentucky traveled to Michigan with marijuana plants to be planted in a field, and they stopped at Jackson's residence to pick up an additional 800 to 900 marijuana plants that Jackson had helped to grow in his brother's basement. Jackson followed the planting crew in a separate car.

This evidence clearly reflects that Jackson's role in the offense was neither minimal nor minor. Unlike most of the conspirators, Jackson was involved in the conspiracy for all three years. Jackson received a larger share of the criminal

proceeds than those conspirators who merely helped load and unload the harvested marijuana. Furthermore, Jackson not only rented the barn used to harvest the marijuana, but he helped "wire" the barn so that the marijuana could be dried. Jackson also arranged for the use of his brother's basement to plant marijuana indoors, and he assisted with the growing of marijuana plants indoors that were later planted in a field. Although he contends that it was not "clear" that he had a grasp of the nature and scope of the conspiracy, he helped plan the expansion of the conspiracy and participated in the expansion when he helped install marijuana growing equipment in his brother's basement and assisted in growing more marijuana to be planted. Contrary to Jackson's argument, this type of involvement, as compared to the other conspirators, precludes him from being described as a minimal or minor participant. Indeed, Jackson's role is more properly described as pivotal or necessary to the success of the conspiracy. As such, the district court properly concluded that he was not a "minor participant." *United States v. Salgado,* 250 F.3d 438, 457 (6th Cir.2001) (a defendant who plays a lesser role in a criminal scheme may nonetheless fail to qualify as a minor participant if his role was indispensable or critical to the success of the scheme).

Accordingly, we affirm the judgment of conviction and sentence.