**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lindsay M. SHEAFE, Defendant–Appellant.**

No. 02–3707.

United States Court of Appeals, Sixth Circuit.

June 13, 2003.

Before: BATCHELDER and CLAY, Circuit Judges; and SCHWARZER, District Judge.*

### ORDER

Lindsay M. Sheafe, a federal prisoner, appeals the sentence imposed upon his conviction on one count of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 25, 2001, Sheafe was charged in a multi-count indictment with several narcotics-related offenses. The charges against him arose from his participation as the driver for three shipments of cocaine into Ohio from other states. On December 14, 2001, he pleaded guilty pursuant to a written plea agreement to the one charge described above in exchange for the dismissal of the other counts. A presentence investigation report (PSR) was then prepared, which calculated Sheafe's offense level as 33, his criminal history category as III, and the resulting guidelines range of imprisonment as 168 to 210 months. Eighty kilograms of cocaine was attributed to Sheafe as relevant conduct. At sentencing, the district court denied Sheafe's request for a mitigating role adjustment, but granted the government's motion for a downward departure based on substantial assistance. The district court departed downward to offense level 30 and sentenced Sheafe to 121 months in prison, 5 years of supervised release, and a $100 special assessment.

In his timely appeal, Sheafe reasserts his argument that he is entitled to a mitigating role adjustment.

Sheafe contends that he was entitled to a mitigating role adjustment because the entire estimated amount of cocaine was attributed to him as relevant conduct, he was merely a courier, he was not aware of the details of the conspiracy such as the amount of cocaine, he made no decisions,

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

and the conspiracy would have gone on without him.

Traditionally, this court has reviewed a district court's denial of a mitigating role adjustment for clear error. *United States v. Roberts*, 223 F.3d 377, 379–80 (6th Cir. 2000). But this court also has stated that the standard of review should be the same as that for an aggravating role adjustment, such that the district court's factual findings concerning a mitigating role adjustment are reviewed for clear error, while its legal conclusions are reviewed de novo. *Id.*

■ Regardless of which standard is applied in the instant case, we conclude that the district court properly denied the adjustment. The Guidelines provide that a defendant's offense level may be decreased by 2, 3, or 4 levels if the defendant had a mitigating role in the offense. *See* USSG § 3B1.2 (Nov.2001). For any mitigating role reduction to apply, more than one participant must be involved in the offense, and the defendant must be substantially less culpable than the average participant. *See* USSG § 3B1.2, comment. (nn.2 and 3(A)). A defendant whose participation is indispensable to a criminal scheme is not entitled to a role reduction. *United States v. Miller*, 56 F.3d 719, 720 (6th Cir.1995) (role of taking trucks apart was vital to success of chop shop). The defendant bears the burden of proving his mitigating role by a preponderance of the evidence and must show that he played a relatively minor role in conduct for which he was held accountable. *Roberts*, 223 F.3d at 379–80.

Sheafe did not meet his burden of proving by a preponderance of the evidence that he was substantially less culpable than the average participant. Although he complains that the entire quantity of cocaine was attributed to him, he in fact transported the entire amount. His pro-

testations that he was a lowly courier likewise fail; it is immaterial that Sheafe was not the owner of the cocaine or the leader or organizer of the drug transaction. A defendant does not qualify for a mitigating role reduction merely because someone else planned the scheme and made all the arrangements. *Miller*, 56 F.3d at 720. Sheafe was the driver for three trips and well understood that he was transporting drugs. On at least one occasion, Sheafe gave orders to another courier. He also arranged to temporarily store 43 kilograms of cocaine at his girlfriend's apartment. Sheafe's argument that the conspiracy would have gone on without him misses the mark. A defendant has more than a minor or minimal role not because he personally is irreplaceable, but because his role was indispensable to the success of the conspiracy. *See id.*; *United States v. Burroughs*, 5 F.3d 192, 194–95 (6th Cir. 1993). In the instant case, the conspiracy could not have succeeded without someone to transport the cocaine. Thus, Sheafe was indispensable.

■ In the alternative, Sheafe argues that if he is not entitled to a mitigating role reduction, then he should not have been held responsible for over 50 kilograms of cocaine because he pleaded guilty with the belief that he played a minor or minimal role with regard to the amount stipulated in the plea agreement.

Sheafe did not raise this argument at sentencing. Where a criminal defendant fails to object below, the defendant must show that the sentencing error was plain before this court may exercise its discretion to correct the error. *See* Fed. R.Crim.P. 52(b); *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir.1998).

No error occurred. When a plea bargain is struck, the defendant should be held to the terms of the plea bargain, and

not be heard to complain that the bargain was other than what he openly and unequivocally declared in court. *See Mabry v. Johnson,* 467 U.S. 504, 510–11, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). Sheafe had stipulated in his plea agreement that, for purposes of sentencing, his relevant conduct was at least 50 kilograms but less than 150 kilograms of cocaine. Moreover, the plea agreement did not promise Sheafe a mitigating role adjustment in exchange for stipulating to that drug quantity.

Accordingly, the district court's judgment is affirmed.