**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roman GARCIA–MORONES,**
**Defendant–Appellant.**

**No. 01–2442.**

United States Court of Appeals,
Sixth Circuit.

Oct. 18, 2002.

ernment even if he were innocent of drug dealing himself'').

Before BATCHELDER and COLE, Circuit Judges; GRAHAM, District Judge.*

Roman Garcia–Morones, a federal prisoner, appeals the sentence imposed by the district court following his guilty plea to one count of conspiracy to possess with intent to distribute and to distribute more than 500 grams of cocaine. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Garcia–Morones pleaded guilty to the one-count indictment described above. On October 1, 2001, the district court sentenced him to 46 months in prison and three years of supervised release. This sentence was based upon a total offense level of 24 and a criminal history category of I resulting in a guidelines sentencing range of 46–51 months, and reflected a four-level downward departure for substantial assistance pursuant to USSG § 5K1.1.

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

On appeal, Garcia–Morones argues: (1) that the appropriate standard of review is a two-tiered standard of clear error review for the district court's factual findings and de novo review for the court's legal conclusions; and (2) that the district court erred in denying the defendant a two-level decrease in offense level pursuant to USSG § 3B1.2(b) for being a minor participant in the offense.

Upon review, we affirm the district court's judgment because, under the deferential standard of review recently set forth by the Supreme Court for a district court's application of the Sentencing Guidelines, the district court did not err in declining to apply the two-level reduction.

In his first issue on appeal, Garcia–Morones argues that this court should review the district court's decision regarding USSG § 3B1.2 under a two-tiered standard of review as suggested by a panel of this court: (1) factual findings reviewed for clear error, and (2) legal conclusion regarding application of the guideline to those facts reviewed de novo. *See United States v. Owusu,* 199 F.3d 329, 337 n. 2 (6th Cir.2000).

In *Buford v. United States,* 532 U.S. 59, 63–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), however, the Supreme Court unanimously held that a court of appeals should review a district court's application of USSG § 4B1.2 under a deferential rather than a de novo standard. Pointing to the requirement of 18 U.S.C. § 3742 that reviewing courts "give due deference to the district court's application of the guidelines to the facts" of a case, the Court noted that "the deference that is due depends on the nature of the question presented." *Buford,* at 63, 121 S.Ct. 1276 (quoting *Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)). Where "the question at issue grows out of, and is bounded by, case-specific detailed

factual circumstances," the Court concluded, *id.* at 65, 121 S.Ct. 1276, the appropriate standard of review is for clear error. *Id.* at 66, 121 S.Ct. 1276. Since *Buford,* this circuit has held that the clear error standard is to be used in reviewing a district court's application of several distinct guidelines sections: *see, e.g., United States v. Campbell,* 279 F.3d 392, 396 (6th Cir. 2002) (clear error standard is to be used to review a district court's determination of whether a defendant is entitled to a reduction in offense level under USSG § 3B1.2); *United States v. Sabino,* 274 F.3d 1053, 1073 (6th Cir.2001) (same); *United States v. Searan,* 259 F.3d 434, 447 (6th Cir.2001) (same); *United States v. Salgado,* 250 F.3d 438, 458 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 263, 151 L.Ed.2d 192 *and* 306 (2001) (same); *United States v. Jackson–Randolph,* 282 F.3d 369, 390 (6th Cir. 2002) (clear error standard is to be used to review guidelines decisions involving the application of USSG § 3C1.1); and *United States v. Ennenga,* 263 F.3d 499, 502 (6th Cir.2001) (clear error standard is to be used to review guidelines decisions involving the application of USSG § 2K2.1(b)(5)).

Because a district court's determination as to a defendant's role in the offense is heavily dependent upon the facts, we therefore review for clear error the district court's decision to deny Garcia–Morones's request for a two-level reduction for a minor role in the offense. "The defendant bears the burden of proof in establishing his entitlement to the reduction." *Sabino,* 274 F.3d at 1073.

Upon consideration, we conclude that the district court did not clearly err in determining that Garcia–Morones was not a minor participant in the offense. The commentary to the guideline defines a minor participant as a defendant "who is less culpable than most other participants, but whose role could not be described as mini-

mal." USSG § 3B1.2, comment. (n.5). A defendant's actions should be compared to those of the average participant in a similar scheme. *See, e.g., United States v. Jackson,* 55 F.3d 1219, 1224–25 (6th Cir. 1995).

In this case, Garcia–Morones's base offense level was based upon only the amount of cocaine with which he personally dealt rather than the greater amount involved in the conspiracy. The district court stated,

> In this Court's opinion the fact that the Government found out that the conspiracy was larger than the Defendant's personal dealings through a profer [sic] that's protected under [§ ] 1B1.8, it still doesn't change the fact that he is being held responsible for the amount of drugs that he was involved in rather than some greater amount, which perhaps would then justify a downward departure when comparing the Defendant's activities and role to the bigger conspiracy.

The district court's finding appears to be in accordance with the guideline application note, USSG § 3B1.2, comment. (n.3(B)), as well as this circuit's case law. *See Salgado,* 250 F.3d at 458; *United States v. Roberts,* 223 F.3d 377, 380–81 (6th Cir.2000). Simply because the court *could* have applied a minor role adjustment under the facts of this case, *see* USSG App. C, Amendment 635, eff. Nov. 1, 2001; *Roberts,* 223 F.3d at 381, does not mean that the district court was *required* to apply the adjustment.

As for his role in the transactions, Garcia–Morones attempts to characterize himself as merely a "middleman," referring persons to sellers of cocaine and receiving a small fee for each purchase that was consummated. The district court, however, agreed with the government that Garcia–Morones's role was closer to that of a broker, as he was more deeply involved with the mechanics of each transaction. The defendant's argument that the actual buyers and sellers were more culpable and therefore he is entitled to a role reduction is not persuasive. "A defendant who plays a lesser role in a criminal scheme may nonetheless fail to qualify as a minor participant if his role was indispensable or critical to the success of the scheme, or if his importance in the overall scheme was such as to justify his sentence." *Salgado,* 250 F.3d at 458; *see also Sabino,* 274 F.3d at 1073; *United States v. Latouf,* 132 F.3d 320, 332 (6th Cir.1997). The district court did not clearly err in finding that Garcia–Morones's role was critical to the success of the cocaine transactions for which he was held accountable.

Accordingly, the district court's judgment is affirmed.