**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ernest Lee TROTTER, Defendant– Appellant.**

No.  02–1468.

United States Court of Appeals, Sixth Circuit.

June 12, 2003.

Before David A. NELSON, BOGGS, and COLE, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

The issue in this direct criminal appeal is whether it was proper for the district court to enhance the defendant's sentence on the ground that his unlawful possession of a firearm was "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). The defendant maintains that the firearm in question—a loaded handgun found under the driver's seat of the defendant's car—was merely being delivered to a friend and had no connection to drugs that were also found in the vehicle. Because the district court was entitled to reject

that explanation, and because the enhancement would be permissible even if the explanation were believed, we shall affirm the defendant's sentence.

I

The defendant, Ernest Lee Trotter, was stopped by police in Grand Rapids, Michigan, for two traffic violations. He was arrested when the officers learned that his driver's license had been suspended. On conducting a search, the officers found two small plastic bags of marijuana in Trotter's clothing, nine more bags of marijuana in the car's glove box, and a loaded semi-automatic handgun under the driver's seat. The police also found crack cocaine (cocaine base) in a passenger's clothing. After a further search at the county jail, crack was found on Trotter's person as well.

Mr. Trotter later explained that the handgun belonged to a friend and that he had been taking the gun to the friend at a party. Trotter did not deny that the marijuana (which he said he was also taking to the party) belonged to him. Trotter had previously sustained felony convictions for carrying a concealed weapon and for possession of cocaine.

A federal grand jury indicted Mr. Trotter on charges of possessing a firearm while a convicted felon, possessing marijuana with intent to distribute it, and possessing cocaine base. Trotter agreed to plead guilty to the firearm charge, and the government moved to dismiss the drug charges.

A probation officer prepared a presentence report that recommended a four-level enhancement of Mr. Trotter's base offense level for possession of the handgun in connection with another felony offense. See U.S.S.G. § 2K2.1(b)(5). Trotter objected to the enhancement, arguing that there was no evidence of a connection be-

tween the firearm and the drugs. The district court overruled the objection and sentenced Trotter to imprisonment for 37 months. This timely appeal followed.

## II

Under U.S.S.G. § 2K2.1(b)(5), a defendant's offense level should be increased by four levels if the defendant unlawfully possessed a firearm "in connection with another felony offense." This circuit applies "a deferential standard of review" to decisions to enhance under § 2K2.1(b)(5). See *United States v. Ennenga*, 263 F.3d 499, 502 (6th Cir.2001).

Mr. Trotter does not dispute that his possession of the marijuana (which appeared to be packaged for distribution) and the cocaine base constituted at least one "[ ]other felony offense." See 21 U.S.C. §§ 841(a)(1), 844(a). His argument is that the government did not establish a connection between the firearm and the drugs. Trotter points to his statement that he was merely transporting the gun for a friend—a statement, he notes, that the government made no effort to disprove—and he argues that the district court improperly discounted his "innocent" explanation.

We are not persuaded by Mr. Trotter's argument. This court has used the "fortress theory" in determining the applicability of § 2K2.1(b)(5), the theory being that there is a sufficient connection between a firearm and a drug offense when "it reasonably appears that the firearm[ ] . . . [is] to be used to protect the drugs or otherwise facilitate a drug transaction." *Ennenga*, 263 F.3d at 503 (internal quotation marks omitted); see *United States v. Hardin*, 248 F.3d 489, 500 (6th Cir.), *cert. denied*, 534 U.S. 920, 122 S.Ct. 271, 151 L.Ed.2d 199 (2001).[1] In the case at bar, where a semi-automatic handgun was loaded and placed within easy reach under the driver's seat, the district court could properly find that the weapon was meant to protect the drugs or to facilitate drug transactions. See *Hardin*, 248 F.3d at 500 (holding that the fortress theory applied where a firearm was located in the same room as drugs and the defendant had "easy access" to the firearm).

The district court did not disregard Mr. Trotter's explanation that he was merely delivering the gun to another man. The court considered that explanation and rejected it, finding it inconsistent with the gun's being loaded and placed under the driver's seat. We are not persuaded that the court was required to accept Trotter's story.

Even if the district court had believed Trotter, moreover, the enhancement would still have been permissible. Regardless of its ultimate destination, the loaded firearm was readily available to protect Trotter's drugs. *Cf. Hardin*, 248 F.3d at 498 (holding that a firearm could be used both to protect the defendant's wife and to further the defendant's drug business). Reviewing the district court's application of § 2K2.1(b)(5) with due deference, we see no error.

**AFFIRMED.**

---

1. The Supreme Court has rejected the fortress (or "emboldening") theory as a means of establishing *use* of a firearm during and in relation to another crime. See *Bailey v. United States*, 516 U.S. 137, 145–50, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) (interpreting 18 U.S.C. § 924(c)). That decision does not foreclose application of the fortress theory to establish *possession* of a firearm in connection with another crime. See *United States v. Covert*, 117 F.3d 940, 946–49 (6th Cir.), *cert. denied*, 522 U.S. 880, 118 S.Ct. 204, 139 L.Ed.2d 140 (1997).