**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cedric RICHARDSON, Defendant–
Appellant.**

**No. 01–6416.**

United States Court of Appeals,
Sixth Circuit.

Sept. 4, 2003.

Timothy R. DiScenza, Asst. U.S. Attorney, Thomas L. Parker, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Stephen B. Shankman, April R. Goode, Asst. F.P. Defender, Office of the Federal Public Defender, Memphis, TN, for Defendant–Appellant.

Before MOORE and ROGERS, Circuit Judges, and KATZ, District Judge.[*]

KATZ, District Judge.

Defendant–Appellant Cedric Richardson appeals from his conviction for possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g). Richardson contends on appeal that the district court erred at sentencing by assessing a four level enhancement under United States Sentencing Guideline § 2K2.1(b)(5). For the following reasons, we AFFIRM.

## I. BACKGROUND

Richardson seeks reversal and remand of the district court's November 2001 judgment sentencing him to 92 months in prison. Richardson contends that the district court: (1) erred in its determination under section 2K2.1(b)(5) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") as to the commission of "another felony offense"; (2) erroneously concluded that he possessed a firearm "in connection with" a drug trafficking felony; and (3) impermissibly considered unreliable hearsay evidence in making its determination.

On March 13, 2000 officers obtained a search warrant for Richardson's residence on information from a confidential informant that Richardson was storing drugs at the apartment.[1] The informant purportedly overheard Richardson's wife express concern over Richardson storing approximately three one-quarter kilogram packages of cocaine at their residence. The informant also indicated that Richardson utilized a Mercury Sable, as well as a Nissan Maxima, in his drug trafficking activities. Upon execution of the warrant the following day, officers conducted a knock and announce, to which there was no response. Officers thereafter forced their way into the apartment with a two-man ram. The apartment door apparently was barricaded on the inside with a couch, and officers continued to batter at the door until it was separated from its hinges.

Once inside the apartment the officers found Richardson and his co-defendant wife, Katana Richardson, in sleeping attire. Officers informed the Richardsons that they had a search warrant for the residence and handcuffed Richardson and his wife. During the search officers did not find any drugs, but did find a .380 caliber semi-automatic pistol next to $7,000 in cash under a mattress in the bedroom. An additional $949 in cash was found in the pocket of a pair of blue jeans lying on the floor of the master bedroom. A wallet was found in the blue jeans which contained a driver's license in the name of Cedric Woods, with Cedric Richardson's photograph. Officers also recovered some unspecified documents and a shoe box containing eight .357 caliber rounds of ammu-

---

[*] The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

[1]. This informant apparently had previously provided information leading to the seizure of large amounts of narcotics and the arrests of numerous individuals. On appeal, Richardson does not contest the reliability of this informant.

nition. Officers further had previously confirmed that a vehicle matching the description given by the informant was parked near the residence. Neither Richardson nor his wife were arrested that day, but they were later indicted.

In July 2000 a grand jury returned a two-count indictment against Richardson and his wife for being felons in unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g).[2] After the district court denied Richardson's suppression motion, Richardson entered a guilty plea. The presentence report prepared after this plea calculated an offense level of 28, based in part on a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) for use or possession of a firearm in connection with another felony offense, although the report did not specify the relevant felony.

At sentencing the district court indicated that it presumed the felony referenced in the presentence report was a drug trafficking felony. Operating from that presumption, the court assessed an upward adjustment of Richardson's Guidelines offense level pursuant to U.S.S.G. § 2K2.1(b)(5), which provides for a four-level enhancement if the defendant used or possessed any firearm or ammunition in connection with another felony offense. However, the court also granted a downward departure based on the Government's U.S.S.G. § 5K1.1 substantial assistance motion.[3]

At the sentencing hearing the district court heard argument from both Richardson and the Government. The Government asserted primarily the information contained in the presentence report, em-phasizing the proximity of the gun to the cash, which the Government characterized as drug proceeds. Richardson argued that while the confidential informant may have been reliable, the informant's sources "may have either been misunderstood [or] misapprehended." J.A. 61–62. Richardson further called into question the source of the money, asserting that the money could have a source other than drugs, and also argued that "hearsay upon hearsay" was an insufficient basis on which to predicate a four-level enhancement. Although given the opportunity to do so, Richardson did not call any witnesses or submit any evidence in support of his position.

The district court ultimately determined that there could be "no possible alternative source of [the] money" other than drug trafficking and concluded that Richardson had possessed a firearm in connection with a drug trafficking felony. In assessing the four-level enhancement, the court noted Richardson's prior convictions for unlawful possession, as well as the presence of a large quantity of cash in the Richardson household. The Court also considered Mrs. Richardson's hearsay statement about her husband storing cocaine at their residence, Richardson's history of only sporadic and short-term employment in low-wage hourly jobs, the proximity of the cash to the gun, and the smaller amount of cash found in the blue jeans. The court further generally cited the remaining evidence proffered in support of the search warrant, which had previously been found to be supported by probable cause, as well as Richardson's current status as a parolee.

---

**2.** Richardson's prior convictions include possession of a controlled substance with intent to sell and solicitation.

**3.** "Under § 5K1.1 of the Sentencing Guidelines, a defendant may receive a sentencing reduction if he substantially assists the government in its prosecution or investigation of other individuals." *United States v. Benjamin*, 138 F.3d 1069, 1073 (6th Cir.1998); *see also* 18 U.S.C. § 3553(e).

Richardson filed a notice of appeal on October 18, 2001 challenging the sufficiency of the evidence supporting the district court's enhancement determination. The court entered judgment on sentencing on November 2, 2001.[4]

On appeal Richardson challenges not only the district court's determination as to whether he committed a predicate felony, but also whether the gun found in Richardson's apartment was possessed in connection with the felony. Although Richardson notes that he has waived his rights to appeal the district court's suppression ruling, he nonetheless challenges the evidence, particularly Katana Richardson's hearsay statement, utilized to procure the warrant. Richardson further argues that there is insufficient evidence to establish that he was involved in drug dealing; the government failed to produce any proof that the recovered firearm was connected to any drug activity; even if the money was in fact drug proceeds, the evidence does not establish that the firearm was employed during the illegal activity; and the "fortress theory" does not apply to this case because no drugs were recovered from the apartment.

Richardson submits that he "does not contest the factual findings of the district court; rather, he challenges whether the facts as found by the court are legally sufficient to justify the four-level enhancement." Appellant's Br. at 10.

---

**4.** We note that Richardson's notice of appeal was filed prior to the district court's entry of judgment on November 2, 2001. However, Federal Rule of Appellate Procedure 4(a)(2) "permits certain premature notices of appeal to ripen." *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir.1997). "A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." FED. R.APP. P. 4(a)(2).

## II. DISCUSSION

### A. Standard of Review

As Richardson challenges the district court's application of the Sentencing Guidelines. 18 U.S.C. § 3742(e)(2)[5] governs our review of this case. We review the district court's interpretation of the Guidelines de novo, and its factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts. *See* 18 U.S.C. § 3742(e);[6] *United States v. Ennenga*, 263 F.3d 499 (6th Cir.2001); *United States v. Hardin*, 248 F.3d 489 (6th Cir.2001) (discussing *Buford v. United States*, 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)); *see also United States v. Brown*, 314 F.3d 1216, 1222 (10th Cir.2003). "The deference that is due depends on the nature of the question presented." *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). We conduct a de novo review where a matter presents strictly a question of law concerning the application of the Guidelines. *See United States v. Canestraro*, 282 F.3d 427, 431 (6th Cir. 2002). However, the more fact bound the application inquiry, the more deferential our standard of review. *See United States v. Humphrey*, 279 F.3d 372, 379 n. 4 (6th Cir.2002).

Consonant with *Buford v. United States*, 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001) (affirming appellate

---

**5.** "Upon review of the record, the court of appeals shall determine whether the sentence ... was imposed as a result of an incorrect application of the sentencing guidelines[.]" 18 U.S.C. § 3742(e)(2).

**6.** As amended April 30, 2003, the statute provides for de novo review of determinations under subsections (3)(A) and (3)(B), but does not alter the "due deference" standard applicable to subsection (2) inquiries. *See* 18 U.S.C. § 3742(e).

court's deferential review of "whether a particular set of individual circumstances demonstrates 'functional consolidation' "), we have previously suggested that de novo review is no longer appropriate when inquiring as to whether uncontested facts support application of a particular Guidelines provision *See United States v. Hardin*, 248 F.3d 489 (6th Cir.2001). Based on the discussion in *Hardin* as to the proper standard of review for "application of uncontested facts to guideline language." 248 F.3d at 493, we find it appropriate to employ a deferential standard of review in the instant case.[7] However, that determination made, we must still determine the appropriate level of deference due.

While no published case in this Circuit directly addresses the matter in the context of § 2K2.1(b)(5) determinations, decisions dealing with other Guidelines provisions in fact-bound circumstances suggest that the clearly erroneous standard applies. *See United States v. Jackson–Randolph*, 282 F.3d 369 (6th Cir.2002) (applying clearly erroneous standard when reviewing a § 3C1.1 enhancement where the sole issue before the court was "a fact-bound application of the guideline provision"); *see also United States v. Garcia–Morones*, No. 01–2442, 2002 U.S.App. LEXIS 22020, 2002 WL 31367169, 49 Fed.Appx. 556 (6th Cir. Oct. 18, 2002) (applying clearly erroneous standard to heavily fact-dependent § 3B1.2 determination); *United States v. Phillips*, Nos. 01–1937/01–1938, 2002 U.S.App. LEXIS 16062 (6th Cir. Aug. 5,

2002) (utilizing clearly erroneous standard for "fact-specific nature of the determination that [the defendant's] conduct meets the requirements of USSG § 2B3.1(b)(2) [use of a firearm]"). Because the relevant determinations in this case implicate intensely fact-bound inquiries, we find it appropriate to review the district court's determination for clear error. Under this standard, we must affirm unless, after reviewing all the evidence, we are " 'left with the definite and firm conviction that a mistake has been committed.' " *United States v. Latouf*, 132 F.3d 320, 331 (6th Cir.1997) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

### *B. U.S.S.G. § 2K2.1(b)(5)*

U.S.S.G. § 2K2.1(b)(5) instructs "if the defendant used or possessed any firearm or ammunition in connection with another felony offense ... increase by 4 levels." A "felony offense" "means any offense (federal, state or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." U.S.S.G. § 2K2.1 cmt. n. 7. This section is applicable to increase a defendant's sentence only if the Government establishes by a preponderance of the evidence that the defendant possessed or used a gun in connection with another felony. *Hardin*, 248 F.3d at 495.

█ In the instant action, although we do not necessarily agree with the district court that there could not have been an-

---

**7.** We note that Appellant has presented ostensibly conflicting authority as to the appropriate standard, submitting that we should undertake a de novo review. *E.g., United States v. Lawson*, 266 F.3d 462 (6th Cir. 2001); *United States v. White*, 270 F.3d 356 (6th Cir.2001). The Government asserts that our review should be deferential, but does not further suggest what level of deference is

appropriate. As to the authority cited by Richardson, we note that these cases rely upon pre-*Buford* Sixth Circuit precedent and do not address the standard of review as a disputed matter. Moreover, we do not regard these cases as necessarily employing a wholly contradictory standard, as these cases undertake inquiries that are more legal than fact-bound.

other possible source for the cash in Richardson's apartment, we are not firmly and definitely convinced that the district court erred in determining that Richardson committed a drug trafficking felony. Viewing the evidence as a whole, it is not implausible to conclude that Richardson was involved in drug trafficking, notwithstanding the fact that no drugs were recovered pursuant to the March 14, 2000 search.

We note that Richardson challenges the district court's consideration of Katana Richardson's statements as impermissible hearsay and unreliable testimony. However:

> We have repeatedly held that hearsay is permissible at a sentencing hearing so long as it has some minimum indicia of reliability. *United States v. Davis,* 170 F.3d 617, 622 (6th Cir.), *cert. denied,* 528 U.S. 861, 120 S.Ct. 151, 145 L.Ed.2d 129 (1999); *United States v. Polselli,* 747 F.2d 356, 358 (6th Cir.1984), *cert. denied,* 469 U.S. 1196, 105 S.Ct. 979, 83 L.Ed.2d 981 (1985). Federal Rule of Evidence 1101(d)(3) provides that the rules of evidence are "inapplicable" to "miscellaneous proceedings," including sentencing hearings. Fed.R.Evid. 1101(d)(3).

*United States v. Darwich,* 337 F.3d 645, 656, 2003 U.S.App. LEXIS 14750, at *24 (6th Cir. July 24, 2003).

To the extent that Richardson challenges the actual reliability of his wife's hearsay statements, even excluding these statements from consideration, we would not be left with the firm and definite conviction that the district court erred. "[A] large sum of unexplained cash in connection with other evidence of drug trading is probative of the previous occurrence of drug transactions." *United States v. Edwards,* 994 F.2d 417, 421 (8th Cir.1993) (internal quotation and citation omitted). The confidential informant's reference to

two specified vehicles used in the alleged drug trafficking, the established reliability of the confidential informant, Richardson's criminal background and sporadic employment history, this court's and others' acknowledgment that "guns are the 'tools of the trade' in drug transactions," *Hardin,* 248 F.3d at 499; *United States v. Wyatt,* 102 F.3d 241, 248 (7th Cir.1996), and the remaining factors cited by the district court lead us to affirm the court's felony determination.

As to whether the recovered firearm was used in connection with a drug trafficking felony, we interpret the phrase "in connection with" as equivalent to the term "in relation to" in 18 U.S.C. § 924(c)(1). *See Hardin,* 248 F.3d at 498 (noting consensus of First, Fourth, Seventh, Ninth, and Tenth Circuits). "In relation to" in § 924(c)(1) means that at a minimum. "the firearm must have some purpose or effect with respect to the drug trafficking crime: its presence or involvement cannot be the result of accident or coincidence.... Instead, the gun at least must 'facilitate. *or have the potential of facilitating,'* the drug trafficking offense." *Smith v. United States,* 508 U.S. 223, 238, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) (citation omitted) (emphasis added). The Supreme Court has interpreted "in relation to" expansively, *see id.* at 237, to cover not only direct use or possession, but also circumstances in which " 'guns are used as the medium of exchange for drugs sold illegally or as a means to protect the transaction or dealers.' " *Id.* at 239 (citation omitted); *see also United States v. Peterson,* 233 F.3d 101, 111 (1st Cir.2000) ("Although there must be a 'causal or logical relation or sequence between the possession and the related offense,' and 'mere coincidental possession' is insufficient .... we will find that a firearm has been used 'in connection with' an offense 'if the possession has "the

potential to aid or facilitate" the other crime.' ").

Richardson complains that the government did not adduce any proof that the firearm was used "in connection with" the asserted felony. However, based on the foregoing standard and in light of the facts as set forth above, we cannot say that the district court clearly erred. Although Richardson argues that the fortress theory is inapplicable because no drugs were found during the search, application of the theory merely requires that the Government demonstrate a sufficient connection between a firearm and drug offense. Such a connection is established where " 'it reasonably appears that the firearm[ ] . . . [is] to be used to protect the drugs or otherwise facilitate a drug transaction.' " *United States v. Trotter*, No. 02–1468, 2003 U.S.App. LEXIS 11848 at *4, 2003 WL 21375475, 69 Fed.Appx. 239 (6th Cir. June 12, 2003) (quoting *Ennenga*, 263 F.3d at 503). We cannot say that the district court clearly erred in finding such a connection.

Richardson also asserts that the evidence does not establish that the firearm was "employed" during the asserted felony. However, this is not the showing that the Government must make. We have previously explained that:

> Section 2K2.1(b)(5) does not require that a defendant have used the gun: it is enough that a defendant possessed the gun in connection with any felony. Possession can be actual or constructive. Constructive possession occurs when a person " 'knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.' " [*United States v.] Covert*, 117 F.3d [940,] 948 [(6th Cir.1997)] (quoting *United*

*States v. Beverly*, 750 F.2d 34, 37 (6th Cir.1984)).

*Hardin*, 248 F.3d at 498.

### III.  CONCLUSION

Based on the foregoing, we are not definitely and firmly convinced that the district court erred in finding that Richardson committed a drug trafficking felony and possessed a firearm in connection with that felony. Accordingly, we AFFIRM.

MOORE, Circuit Judge, dissenting.

The majority here concludes that the district court did not clearly err in its determination that Richardson had committed another felony offense, triggering an enhancement under § 2K2.1(b)(5) of the Guidelines. Because I believe the majority to be in error, I respectfully dissent.

The district court based its decision on three pieces of evidence: the presence of the money and firearm in close proximity under Richardson's mattress, the lack of alternative sources for the money, and the hearsay-upon-hearsay evidence contained in the search warrant – this last whose sufficiency as mere probable cause was considered a "close question" by the magistrate judge. Joint Appendix at 24. While this certainly amounts to circumstantial evidence of wrongdoing, it does not come near to meeting the Government's burden of proving by a preponderance of the evidence that a particular felony offense was committed. Even if we accept the supposition that the money in question was the proceeds of drug trafficking, rather than of any other legal or illegal activity, we do not know which drugs the court found Richardson to have trafficked in, nor what quantity he possessed, nor when he was in possession of them, nor where he kept them. As a result, we additionally have no way of gauging whether the firearm was used in connec-

tion with this phantom offense. While I agree with my colleagues as to the scope of our review of the district court, even granting that court all the deference due to it, I believe that the district court was clearly in error to find that another felony offense had been committed.

I respectfully dissent.