**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0253n.06

**No. 09-2236**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Apr 20, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CHRISTOPHER MICHAEL WILLIAMS, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MERRITT, COOK, and WHITE, Circuit Judges.

COOK, Circuit Judge. Christopher Williams pleaded guilty to a single-count superseding information charging him with interstate travel in aid of racketeering enterprises. Alleging that the district court clearly erred in rejecting his unopposed request for a three-level mitigating-role reduction, Williams appeals his sentence. We affirm.

I.

In early 2009, Williams borrowed his mother's car and drove his friend Raymond Collins from Chicago to Benton Harbor, Michigan in exchange for "a couple hundred bucks" and a tank of gas. Williams was aware that Collins wanted to go to Michigan to distribute drugs, though he did not know the type or quantity. When police pulled Williams's car over for a traffic violation, he

consented to a vehicular search. The officers discovered nearly 150 grams of heroin underneath the

rear seat cushion and arrested Williams and Collins.

The government first indicted the pair for (1) conspiracy to distribute and possess with intent

to distribute heroin and (2) possession with intent to distribute heroin. It later filed a superceding

information further charging them with interstate travel in aid of racketeering enterprises. Williams

pleaded guilty to the last charge pursuant to a plea agreement.

Williams's Presentence Investigation Report ("PSR") calculated a guidelines range of 33–41

months, based upon an adjusted offense level of twenty and Williams's one criminal-history point.

The calculation included a three-level intermediate-role reduction pursuant to U.S.S.G. § 3B1.2. At

sentencing, the court rejected the proposal and instead applied a two-level minor-role reduction. It

offered the following explanation:

> This Court is of a mind to believe that rather than a three-level, a two-level downward departure is more appropriate; that is, a minor participant, based upon three factors. One is the length of time that was involved in this matter. This was a matter that involved not only planning to come to Michigan, but driving to Michigan. The payment for participation, $300, but it certainly was payment for doing something really kind of out of proportion with what was done. And the drugs were found apparently under the seats in the back seat of the vehicle.

> Now, the vehicle apparently belonged to Mr. Williams'[s] mother, and Mr. Williams was using this vehicle. Now, that is not a minimal participant, nor is it a halfway. It's a minor participant. This person is not the one that physically put it in the car, was not the one that physically made the arrangements, was not the one who physically paid for someone to drive him. But this Court believes that consistent with other situations that the presentence officers face on a regular basis and

consistent with this Court's adjudications in the past, a minor participant role should
be had in this case.

Williams immediately objected to this determination. After applying a handful of other, uncontested departures, the court arrived at an adjusted offense level of nineteen, resulting in a guidelines range of 30–36 months.[1] It sentenced Williams to thirty-six months. Williams now appeals.

II.

Generally,"[t]his Court reviews a district court's legal conclusions regarding the Sentencing Guidelines *de novo*" and its factual findings for clear error,[2] *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006), though certain exceptions apply. "We review the district court's denial of [a § 3B1.2] reduction for clear error." *United States v. Latouf*, 132 F.3d 320, 332 (6th Cir. 1997); *see also United States v. Garcia-Morones*, 49 F. App'x 556, 557 (6th Cir. 2002) (explaining this court's adoption of clear-error review of § 3B1.2 issues in light of *Buford v. United States*, 532 U.S. 59 (2001)). The defendant bears the burden to prove, "by a preponderance of the evidence, that he is entitled to the reduction." *United States v. Solorio*, 337 F.3d 580, 601 (6th Cir. 2003).

---

[1]The correct Guidelines range is actually 30–37 months, but the Government recognizes that the district court's mistake inured to Williams's benefit.

[2]"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Section 3B1.2 allows a sentencing court to grant a two-, three-, or four-level reduction to a defendant who is "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A). Four-level reductions apply to "minimal participants," "who are plainly among the least culpable of those involved in the conduct of a group," as demonstrated by their "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others," *id*. cmt. n.4; two-level adjustments apply to "minor participants," "who [are] less culpable than most other participants, but whose role could not be described as minimal," *id*. cmt. n.5; and three-level reductions are appropriate for cases "falling between" these two regions, *id*.

Williams concedes that "[t]he criteria for qualifying for a three-level reduction are vague." Nonetheless, the district court appeared to apply them as transparently as possible. Consistent with U.S.S.G. § 3B1.2's commentary, the court considered Williams's knowledge, planning, and participation in the distribution. And, the evidentiary record supports the court's factual determinations regarding Williams's knowledge of Collins's intent, Williams's role in securing the car, and his compensation for participating. All of this forecloses a "definite and firm conviction that a mistake has been committed," *see U.S. Gypsum Co.*, 333 U.S. at 395, in the court's factual determinations and in its application of § 3B1.2 to those determinations.

III.

For these reasons, we affirm the district court's sentence.